MacDonald a. Garrison.

MacDONALD a. GARRISON.

*New York Common Pleas ; General Term, October, 1859.*

DEPOSITION ON COMMISSION.—SETTLEMENT OF INTERROGATORIES.

Although a commission to take testimony is to be granted almost as of course, where no stay of proceedings is asked ; yet on settling the interrogatories the judge should, if required, look into the interrogatories propounded, to see if they are proper, and should disallow questions which would not be admissible at the trial.*

---

* BLAISDELL a. RAYMOND.—(*Supreme Court, First District ; Special Term,* 1858.)—This action was for libel, the defendant's attorneys obtained an order granting a commission to take testimony of witnesses in Massachusetts, the subject of the interrogatories being the general reputation and standing in the community of the plaintiff. The plaintiff objected to these inquiries as being incompetent as evidence in the cause. He also proposed certain cross-interrogatories, in which he asked one of the witnesses "if he was not a spiritualist, and accustomed to attend spiritual meetings ;" "if he did not understand what was meant by the terms ' spiritual husband' and ' spiritual wife ;' " if so, requesting him to explain it ; and further, asking him " if he was not a free-lover."

The interrogatories now came on for settlement.

*C. F. Wetmore,* for the plaintiff, moved to suppress the commission altogether, upon the ground that the defendants had no right to show the general bad reputation of the plaintiff, but must show that his reputation was bad in respect of the particular things charged against him in the libel.

*Lyman Abbott,* for the defendants, moved to suppress the cross-interrogatories as irrelevant to the issue, and insulting to the witness to whom they were addressed.

ROOSEVELT, J.—The spiritualism or anti-spiritualism of the witness in no way affects his credibility in an action of slander. A quarrel, however, arising out of his belief or practice on that subject may produce hostile feelings. Such a quarrel, like any other, is, therefore, admissible—it goes to weaken the force of the testimony in chief. But the general faith of the witness in spiritualism has no such tendency.

The interrogatories or cross-interrogatories must be modified to meet this distinction.

Appeal from order made upon motion for settlement of interrogatories in a commission to take testimony.

The facts respecting the interrogatories proposed appear in the opinion. The application for their settlement was made at special term, and the following opinion rendered.

*John T. Doyle,* for the plaintiffs.

*I. T. Williams,* for the defendants.

HILTON, J.—Although it is usual to grant an order for a commission upon the application of either party, when no stay is desired, almost as a matter of course; yet upon the settlement of the interrogatories, the judge, if required, should look into the questions propounded, to see if they relate to the matters at issue, and to be tried in the action.

And it is not necessary upon such occasions to show with absolute certainty that the matters inquired of will be material at the trial; it will be sufficient if a reasonable ground exists for supposing that such will be the case. (2 *Rev. Stats.,* 394, §§ 11, 14, 15.)

In the present case no difference exists in respect to the object of the inquiry, or the facts proposed to be proven by the witnesses to be examined under the interrogatories now presented to me by the defendants for settlement.

The conceded object is to show that several years prior to the commencement of this suit, the plaintiff was guilty of certain acts of bad conduct, which were criminally or morally wrong; and it is supposed that the effect of such evidence will be to impeach the credibility and character of the plaintiff, should he offer himself as a witness upon the trial.

The pleadings show that this action is brought to recover the value of certain services alleged to have been performed by the plaintiff at the request of the defendants, and there seems to be no possible aspect of the case in which the testimony sought to be taken by this commission would be admissible, and as the settlement of interrogatories appears to be equivalent to passing upon questions propounded to a witness when called upon to testify at the trial, I must, for the reasons stated, decline to per-

mit the questions to be put, and refuse to settle or allow the in-
terrogatories presented. (*Buller's Nisi Prius*, 296; *Peake's
Ev.*, 140; 1 *Greenleaf's Ev.*, §§ 461, 462; 4 *Philip's Ev.* (*C. &
H.*, *notes*, 364), p. 717; Jackson *a.* Lewis, 13 *Johns.*, 504;
Southard *a.* Rexford, 6 *Cow.*, 255; Corning *a.* Corning, 2 *Seld.*,
97, 104; Newton *a.* Harris, *Ib.*, 345; Commonwealth *a.* Moore,
3 *Pick.*, 194.)

The application to settle defendant's interrogatories denied.

The defendants appealed to the general term.

BY THE COURT.—For the reasons assigned by Judge Hilton,
at special term, the order appealed from should be affirmed,
with $10 costs to abide event.

Order affirmed.

---

## OWEN *a.* DUPIGNAC.

*New York Common Pleas; General Term, July,* 1859.

SUPPLEMENTARY PROCEEDINGS.—ISSUE AND RETURN OF EXECUTION.

It appeared by the affidavit upon which the order for the examination of the de-
fendant was founded, and the fact was recited in the order, that about fifteen
years previously an execution had been issued upon the judgment, and had
been returned wholly unsatisfied; and that an alias execution, issued shortly
before the making of the affidavit, had not been returned.

*Held*, that the affidavit was sufficient, and the judgment-creditor was entitled
to an order for the examination of the defendant.

The right to the examination under the Code is, like the right to discovery under
a creditor's action under the Revised Statutes, unqualifiedly *given wherever an
execution has been returned unsatisfied in whole or in part.*

The rules settled in reference to proceedings under creditor's bills may be re-
garded as controlling the practice in supplementary proceedings, when not
altered by the Code, or the practice under it.

Of the facts requisite to be stated in the affidavit.

Appeal from an order in supplementary proceedings requiring
the judgment-debtor to appear and be examined.

The allegations of the affidavit on which the assignee of the