Sarah J. Uline, Appellant and Respondent, v. The New York Central and Hudson River Railroad Company, Appellant and Respondent.

*It seems,* that while a judge, in settling interrogatories to be annexed to a commission to take testimony, is required to allow "any question pertinent to the issue" (Code of Civil Procedure, § 892), he has authority to disallow questions not pertinent, and hence to determine whether a question is pertinent or not.

The power to exclude questions, however, should be sparingly exercised.

The judge in such case has not the discretion which the court has on trial as to the extent to which he will permit a cross-examination, for the purpose of merely testing the credit of the witness, and upon matters collateral to the main issue; he must insert all pertinent questions.

The decision of the judge in settling the interrogatories is an order (Code, § 767); if it disallows a pertinent question, it affects a substantial right; and is therefore appealable. (Code, §§ 1347, 1348.)

As to whether the party has a remedy in such case by mandamus, to compel the allowance of the question, *quære.*

An appeal does not lie from an order annexing an improper question to a commission; it affects no substantial right, as the party may raise the objection on trial. (Code, § 911.)

In an action to recover damages for injuries alleged to have resulted from defendant's negligence, a release was set up as a defense; this the plaintiff claimed was a forgery. A commission was issued on behalf of defendant, to take the testimony of the person who plaintiff alleged forged the release, as to the alleged settlement. Plaintiff after a cross-interrogatory calling for the salary paid to the witness, proposed others, asking the amount of the witness' expenses per annum, whether he left the place by day or night, by whom he was accompanied, and where he stopped; also, as to the amount of the debts he left unpaid; whether before he left he purchased an India shawl, and at what price, and whether he borrowed money of certain persons specified. These cross-interrogatories were disallowed; *held* error.

(Argued November 25, 1879; decided December 9, 1879.)

These were cross-appeals from an order of General Term of the Supreme Court, in the third judicial department, affirming in part, and reversing in part, a decision of a judge upon settlement of interrogatories, to be annexed to a commission herein; also appeal by defendant from order of said General Term, denying a motion to dismiss the appeal from the order settling the interrogatories.

This action was brought to recover damages for injuries t̲ real estate, alleged to have been occasioned by defendant's negligence.   One of the defenses was that defendant settled with the mother of plaintiff, who was the owner of the premises, at the time of the alleged injuries, and received from said owner a written release of said damages.  ·This release, plaintiff claimed, was forged by one De Pfuhl, who was, at the time, a clerk in defendant's office, in Albany, and who, subsequently, left that city and went to Chicago.   A commission was issued, on behalf of defendant, to take the testimony of said De Pfuhl.   The interrogatories were as to the settlement, and the execution of the release.   Plaintiff proposed the following cross-interrogatories, among others :

" Second.  When did you commence serving in the office of the defendant, in the city of Albany, and when did you leave that employment ?   Give the dates, respectively ?   What was your salary when in such employment at the commencement and what was it at the end of such service, and what changes in your salary were made during such service and at what dates ?

" Third.  Had you a family when in the employ of the defendant, and if so of whom did it consist ?   Give their names and ages, respectively, and then state at what street and number, or streets and ·numbers, in the city of Albany, or elsewhere you resided while in the service of the defendant in the defendant's office, in Albany ?

" Fourth.  State, as near as you can, what was the amount of your family and personal expenses, per annum, during each year that you resided in the city of Albany ?

" Sixth.  Did you leave Albany at the end of said service during the day-time or during the night-time, and by what train and at what hour and on what railroad or in what conveyance, and did any person accompany you, and if so who ?  Give his, or her name, or names, and how far were you accompanied by such person or persons, and state whether you stopped over at any places on your way, and if so give the names of such places and of the hotel or hotels you stopped at, with the date or dates when you were there ?

"Eighth. If you have answered that you left debts unpaid when you left Albany, state the names of your creditors and the several amounts due to each at that time, and state particularly the amount of your indebtedness to John M. Crapo, and whether, before you left, you purchased from him an India shawl and at what price, and state the date of such purchase as nearly as you can; did you borrow money before leaving Albany from Charles T. Titus, William Lush, Charles H. Fisher, Nicholas Engel or Charles Engel, and how much from each, and how much from other persons, naming each.

"Ninth. Have you ever been arrested or imprisoned in this country, and if so, how many times and when and where, and for what alleged offenses or crimes? Have you been recently arrested and imprisoned on a charge of larceny or some other offense in the city of Chicago; and if so, state when you were imprisoned and who made the complaint against you, and whether you are now under bonds to appear to answer the charge. State also, particularly, whether you have recently been arrested at Chicago on complaint made by a Mr. Delaneau, on a charge of larceny and on a charge of obtaining money under false pretenses on complaint of Mrs. Mitchell? And state, also, whether you have restored to Mr. Delaneau any of the property alleged to have been taken, or to Mrs. Mitchell any of the money alleged to have been obtained, or paid them or either of them for the same."

Upon settlement of the interrogatories the judge disallowed the fourth, sixth, eighth and ninth interrogatories, and an order was entered to that effect. The General Term on appeal affirmed the order as to the fourth, sixth and eighth cross-interrogatories, and reversed it as to the ninth.

*Amasa J. Parker*, for plaintiff. The proper time to exclude a question, on the ground that it is not competent or relevant, is when it is proposed to read the deposition in evidence at the trial. It cannot be done on the settling of the interrogatories. (Code of Civil Procedure, § 911; 2 R.

S. [6th ed.], vol. 3, 656, § 23; *Ocean Ins. Co.* v. *Francis*, 2 Wend., 65; 4 M. & Selw., 502; Revisers' Notes, 3 R. S., 735 [2d ed.].) The officer settling the interrogatories has no power or authority to reject an interrogatory, because it is leading, the party being allowed to make this objection on the trial. (2 Wait's Pr., 696; *Fleming* v. *Hallenbeck*, 7 Barb., 271; *Williams* v. *Eldredge*, 1 Hill, 249; 2 R. S. [5th ed.], vol. 3, 394, § 15, 675.) It was competent to ask the witness whether he had been arrested and imprisoned, and for what alleged offenses. (*Real* v. *People*, 42 N. Y., 270; *Brandon* v. *People*, 42 id., 265; *Connor's Case*, 50 id., 240; 8 Hun, 562.) The order was appealable. (Code of Civil Procedure, §§ 1347, 1348.) By section fifty of the Code of Procedure any party affected by an order may enter it with the clerk to enable the party to appeal under section forty-nine. (*Nicholson* v. *Demham*, 1 Code R., 119; *Savage* v. *Relyea*, 3 How. Pr., 276; *Hunt* v. *Wallis*, 6 Paige, 371; *Whitney* v. *Belden*, 4 id., 140; 4 Wait's Pr., 606.) A motion to set aside any proceeding for irregularity must be made promptly and before the moving party takes any other step in the cause. (*Lord* v. *Graydon*, 14 Alb. R. R., 444; *Persse* v. *Brooks*, id., 119; *Strong* v. *Strong*, 1 Abb. [N. S.], 242; 4 Wait's Pr., 634–635; *Mayer* v. *Lyons*, 2 How. Pr., 280; 1 Daly, 297.) If plaintiff was irregular in entering the order, the defendant's remedy is not to move to dismiss the appeal, but it would be to move at Special Term to set the order aside. (*Bedell* v. *Powell*, 3 Code R., 61; *Keley* v. *Thayer*, 34 How., 163; 4 Wait's Pr., 236.)

*Samuel Hand*, for defendant. The interrogatories to be annexed to a commission, if not settled by consent, must be settled by a judge of the court or a county judge. (Code Civil Procedure, § 891.) It is the duty of the judge to allow either party to insert therein any question pertinent to the issue, which he proposes. (Code Civil Procedure, § 892.) The question asked the witness on cross-examination as to how many times he had been arrested or

imprisoned, and as to offenses with which he had been charged, was incompetent. (*Brown* v. *People*, 8 Hun, 562; *Jackson* v. *Osborn*, 2 Wend., 555; *Lipe* v. *Eisenlerd*, 32 N. Y., 229, 238; *People* v. *Brown*, 72 id., 571.) All these questions on cross-examination were in the discretion of the judge. (*Gt. W. R. Co.* v. *Loomis*, 32 N. Y., 127; *King* v. *N. Y. C. R. R. Co.*, 72 id., 607.)

EARL, J. Precisely what the powers of a judge in settling interrogatories to be annexed to a commission are, has not been much considered in reported cases. It is provided in the Code, as it was in the Revised Statutes, that the interrogatories are to be settled by a judge upon notice. (§§ 891, 892.) I believe it has been generally understood that the judge has some power to determine what interrogatories may be annexed to the commission, and the form of them. If he has not such power, then the requirement that the interrogatories "must be settled" has little or no significance; and if he has no power to decide anything, there certainly can be no reason for troubling him about the matter. (*MacDonald* v. *Garrison*, 9 Abb. Pr., 178.)

The statute provides that either party must be allowed to insert "any question, pertinent to the issue, which he proposes." That right the judge cannot deny or curtail. Every such question he must allow. But he must have authority to disallow questions not pertinent to the issue, and hence to determine whether a proposed question is pertinent or not. But as he cannot always foresee precisely what evidence the exigencies of the trial may render proper, and as the statute reserves the right to either party to make at the trial any objection to questions or answers which he could make if the witnesses were testifying there orally, the power to exclude questions should be sparingly exercised. But if questions clearly impertinent or incompetent or immaterial are proposed, he should refuse to allow them; otherwise the appearance of the parties before him would be an idle ceremony.

The Code provides that either party may insert any question "pertinent to the issue." The Revised Statutes provided that either party might insert any question "pertinent to the cause." (2 R. S., 394.) Both phrases clearly have the same meaning. It was undoubtedly intended that either party should have the right to put every question to a witness by commission which he could put to the witness if he were examined orally at the trial.

The question upon plaintiff's appeal is whether the judge erred in disallowing the fourth, sixth and eighth cross-interrogatories.

The action is to recover certain damages. The defense is that the defendant had settled for the damages, by the payment of $500, and obtained a written release. The plaintiff claims that the release is a forgery, and that the forgery was committed by the witness to be examined, and that if the defendant paid the money, it was taken and kept by the witness. The character and credit of the witness are, therefore, of great importance, and competent evidence, showing what they are, quite material. Questions may, therefore, be put to him, upon his cross-examination, tending to discredit or disgrace him generally ; and he may also be questioned as to his conduct and acts about the time of the alleged forgery, with the view of showing his guilt. Such evidence need not be of a conclusive nature. It is competent if it throws light upon the principal fact to be proved, and if, with other evidence, it would tend to prove that fact.

Suppose it could be shown by the cross-examination of this witness that, at the time of the date of the alleged release he was living upon his salary, and that his family expenses were as much as his salary, or more ; that immediately after this transaction he quit the service of the defendant and left Albany in the night time, leaving his family behind him ; that he left alone, or in disreputable company ; that upon his route to his destination he traveled and behaved in a suspicious or discreditable manner ; that just before leaving,

and in close proximity to this transaction, he created debts, by borrowing money or otherwise, for the purpose of filling his pockets before his departure; that he purchased for his wife an India shawl for just $500, or near that sum, having no honest means wherewith to make the purchase; would not questions to elicit such facts be competent? I think they would; and such facts might have been elicited by these cross questions. The questions were, therefore, pertinent; and being so, the judge could not rightfully exclude them. It was not for him to determine that the questions might not elicit the facts sought, or that the facts would not be very important if elicited. The plaintiff had the statutory right to the questions.

It is true that a judge at the trial generally has a discretion as to the extent to which he will permit a cross-examination, for the purpose of merely testing the credit of a witness, and upon matters collateral to the main issue on trial, to be carried; and the exercise of such discretion, unless clearly abused, will not be interfered with by a court sitting in review of the trial. That is a discretion to be exercised by the judge presiding at the trial; and in exercising it, he has before him, for his guidance, the appearance of the witness, if orally examined, the evidence he has given upon his direct examination, and all the facts of the case as they then appear; and he is thus able to judge whether a further cross-examination will aid the ends of justice. But a judge in settling interrogatories has no such discretion. He cannot tell what the exigencies of the trial may be, and he cannot determine how far a cross-examination may be required to be carried, nor precisely what facts will become important. He must, therefore, insert all pertinent questions, although a judge sitting at the trial might, in the exercise of his discretion, there exclude them.

But it is claimed by the learned counsel for the defendant that the plaintiff's remedy, if any, for the exclusion of his questions was by mandamus to compel their allowance, and not by appeal to the General Term. Without denying that

the plaintiff might have a remedy by mandamus, I have no doubt that he could appeal.

The decision of the judge in settling the interrogatories was required to be in writing and such decision is an order in the action. (Code, § 767.) In this case, an order was drawn up satisfactory to the attorney for both parties and was by consent entered in the clerk's office. So far as it disallowed plaintiff's pertinent questions, it affected a substantial right and was, therefore, appealable under sections 1347 and 1348 of the Code.

The General Term did not err in deciding that the ninth cross question should be annexed to the commission. Such questions have frequently been decided competent. An appeal, however, should not be allowed because an improper question has been ordered to be annexed to a commission; because it affects no substantial right, as the party can make the objection at the trial and be fully protected there.

Briefly, to some extent, restating my views, I say if the judge, in settling interrogatories to be annexed to a commission, disallows a pertinent question, he commits an error which will be corrected upon appeal, unless it can be seen that the error can do no harm to the party who complains of it. If he allows an improper question, there is no right of appeal, as such allowance does no substantial harm, the party objecting to the question being able to protect himself at the trial by objections there made.

The order of the General Term, so far as the defendant has appealed therefrom, must be affirmed, without costs to either party upon the appeal to this court, and so far as the plaintiff has appealed therefrom, must be reversed; and the fourth, sixth and eighth cross-interrogatories must be allowed and annexed to the commission; and upon her appeal, the plaintiff must recover costs of the defendant.

All concur.

Ordered accordingly.*

* The remittitur was upon subsequent motion amended so as to give plaintiff costs against the defendant on her appeal to the General Term and to this court.