JOHN WANAMAKER et al., Appellants, *v.* ROBERT H. MEGRAW, Respondent.

1. EVIDENCE — INCOMPETENT TESTIMONY TAKEN BY COMMISSION — NOT ADMISSIBLE FOR FAILURE TO OBJECT TO ALLOWANCE OF INTERROGATORIES OR FAILURE TO MOVE TO SUPPRESS. Testimony taken out of the state by a commission issued, with written interrogatories annexed and settled, under sections 887–892 of the Code of Civil Procedure, that is objected to as incompetent when read at the trial, does not become admissible if otherwise incompetent, because objections thereto were not made either upon the allowance of the interrogatories or by motion to suppress the commission, since the settlement of the interrogatories is only for the purpose of authentication and is not a decision that they are competent or proper; the judge has no power to change or reject any of them as incompetent if otherwise relevant or pertinent to the issue, and has no power to suppress the commission for that reason.

2. INCOMPETENT TESTIMONY TAKEN BY COMMISSION MAY BE OBJECTED TO WHEN READ AT TRIAL — CODE CIVIL PROCEDURE, § 911. Under the express provisions of section 911 of the Code of Civil Procedure, the party against whom the deposition is read at the trial may then object to either the questions or the answers, or to both, and when any of the answers are incompetent, either in whole or in part, may point out by objection the testimony which is objectionable and take the ruling of the court upon the point, with the same effect as if the witness was then personally examined.

*Wanamaker* v. *Megraw,* 48 App. Div. 54, reversed.

(Argued May 20, 1901; decided October 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1900, affirming a judgment in favor of defendant

entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Hector W. Thomas* and *Job E. Hedges* for appellants. The Court of Appeals has the power to examine the record to see whether the evidence supports the conclusion of the jury. (*Ostrom* v. *Greene*, 161 N. Y. 353; *Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351.) The declarations of Rice as to his authority were incompetent, and their admission in evidence constitutes reversible error. (Wharton on Agency, §§ 44, 163, 459; *People's Bank* v. *St. A. R. C. Church*, 109 N. Y. 525; *Fairlie* v. *Hastings*, 10 Ves. Jr. 123; *Garth* v. *Howard*, 8 Bing. 453; *Carrére* v. *Dun*, 18 Misc. Rep. 18; *Howard* v. *Norton*, 65 Barb. 161; *Duffus* v. *Schwinger*, 79 Hun, 541; *Dobson* v. *Kuhnla*, 20 N. Y. Supp. 771; *Marvin* v. *Wilber*, 52 N. Y. 270; *Snook* v. *Lord*, 56 N. Y. 605.) The objection was properly taken on the trial. (Code Civ. Pro. § 911.) Rice was the agent of the defendant Megraw, not of the plaintiffs, in all the negotiations resulting in the employment of Megraw. (*F. B. N. Co.* v. *Mackey*, 158 N. Y. 140; *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5.) If Rice had any authority from the plaintiff it was that of a special agent, created and limited by the precise terms of his instructions. (*Stringham* v. *St. N. Ins. Co.*, 3 Keyes, 280; *F. B. N. Co* v. *Mackey*, 158 N. Y. 140; *Jacobs* v. *Marshall*, 6 Duer, 689; *Gibson* v. *Colt*, 7 Johns. 389; *Mills* v. *Lewis*, 55 Barb. 179; *N. R. Bank* v. *Aymar*, 3 Hill, 262; Story on Agency, §§ 24, 125; *Nixon* v. *Palmer*, 8 N. Y. 398; *Martin* v. *Farnsworth*, 49 N. Y. 555; *Joseph* v. *Struller*, 25 Misc. Rep. 173.) Plaintiffs never ratified the alleged contract. (*Smith* v. *Tracy*, 36 N. Y. 79; *Baldwin* v. *Burrows*, 47 N. Y. 199; *Trustees of Easthampton* v. *Bowman*, 136 N. Y. 521; *Nixon* v. *Palmer*, 8 N. Y. 398; *Spadone* v. *Manvel*, 2 Daly, 263; *Ritch* v. *Smith*, 82 N. Y. 627; *Munroe* v. *Judson*, 82 Hun, 215; 151 N. Y. 671; *Smith*

v. *Bradhurst,* 18 Misc. Rep. 546; 31 App. Div. 98; *King* v. *Mackellar,* 109 N. Y. 215.) Rice was clothed with no authority, actual or apparent, on June fourteenth, to make the alleged agreement. (*Rathbun* v. *Snow,* 123 N. Y. 343; *Bickford* v. *Menier,* 107 N. Y. 490; *Tucker* v. *Woolsey,* 64 Barb. 142; *Leinkauf* v. *L. A. & Co.,* 12 App. Div. 302; *Edwards* v. *Dooley,* 120 N. Y. 540; *Walsh* v. *H. F. Ins. Co.,* 73 N. Y. 5; *Wait* v. *Borne,* 123 N. Y. 592.) The apparent and visible terms of a contract must control. (*Carrère* v. *Dun,* 18 Misc. Rep. 18; *Wait* v. *Borne,* 123 N. Y. 592; *Pearce* v. *Rogers,* 3 Esp. 214.) Megraw's testimony as to the declarations made by Rice was incompetent, and its admission in evidence constitutes reversible error. (*Carrère* v. *Dun,* 18 Misc. Rep. 18.) It was error for the court to charge that the question of authority was for the jury. (*F. B. N. Co.* v. *Mackey,* 158 N. Y. 140; *Leinkauf* v. *L. A. & Co.,* 12 App. Div. 302.) The counterclaim should be dismissed. (*Leinkauf* v. *L. A. & Co.,* 12 App. Div. 302; *F. B. N. Co.* v. *Mackey,* 158 N. Y. 140.)

*Jacob F. Miller* and *Lavinia Lally* for respondent. The examination of this court must be confined to the inquiry as to whether there is any evidence tending to sustain the verdict. (*Ostrom* v. *Greene,* 161 N. Y. 357; *Jerome* v. *Q. C. C. Co.,* 163 N. Y. 357; *E. V. B. Co.* v. *Prosser,* 157 N. Y. 295.) There is evidence tending to show direct authority to Rice to employ defendant. (*Sweet* v. *Tuttle,* 14 N. Y. 472; *Knapp* v. *Smith,* 27 N. Y. 281; *Kelly* v. *Doody,* 116 N. Y. 583; *Van Ingen* v. *M. & E. Pub. Co.,* 14 Misc. Rep. 332.) There was no admission of mere declarations of the agent, and the agency was fully established by testimony. (*Walsh* v. *Hartford F. Ins. Co.,* 73 N. Y. 10; *Ruggles* v. *A. C. Ins. Co.,* 114 N. Y. 415; *Rathbun* v. *Snow,* 123 N. Y. 343; *Wait* v. *Borne,* 123 N. Y. 592; *Bickford* v. *Menier,* 107 N. Y. 490.) The testimony of Rice was taken by commission. If the appellants were not satisfied with the questions they should have objected to them as to

form. Not having objected to them when they were settled they should have moved to suppress the commission if the questions were not answered in legal form. (*Fassin* v. *Hubbard*, 55 N. Y. 471; *Baker* v. *Spencer*, 47 N. Y. 565; *Hazlewood* v. *Heminway*, 3 T. & C. 787; *Hill* v. *Canfield*, 63 Penn. St. 77; *Crowell* v. *W. R. Bank*, 3 Ohio St. 406; *Akers* v. *Denond*, 103 Mass. 322.) The authority of Rice being established, anything said or done by Rice can be established by declarations made by him to defendant. (*Walsh* v. *Hartford F. Ins. Co.*, 73 N. Y. 10; *Ruggles* v. *Am. Cent. Ins. Co.*, 114 N. Y. 415; *Rathbun* v. *Snow*, 123 N. Y. 343; *Wait* v. *Borne*, 123 N. Y. 592; *Bickford* v. *Meiner*, 107 N. Y. 490.) The defendant was led to believe and had a right to believe that the agreement entered into between him and Rice representing the plaintiffs was authorized. (*Collier* v. *Miller*, 137 N. Y. 332; *Viele* v. *Judson*, 82 N. Y. 40; *Hollis* v. *Hubbard*, 8 N. Y. L. R. 534.) Where principals intrust others with power they must be responsible for its exercise. If Rice exceeded his authority, the defendant could not know it, and he ought not to suffer. (*Fairchild* v. *McMahon*, 139 N. Y. 295; *Ruggles* v. *A. C. Ins. Co.*, 114 N. Y. 421; *Angell* v. *H. F. Ins. Co.*, 59 N. Y. 171; *Wait* v. *Borne*, 123 N. Y. 592; *Bickford* v. *Meiner*, 107 N. Y. 494; *Rathbun* v. *Snow*, 123 N. Y. 349.)

O'BRIEN, J. The plaintiffs sought in this action to recover against the defendant the amount claimed to be due upon an open account of some years standing which, including interest, amounted to about $400. This claim does not seem to have been the subject of any dispute at the trial and was practically admitted. But the defendant interposed a counterclaim of $1,000 and interest, which is the real subject of the litigation. The defendant alleged that in the year 1889 he was employed by the plaintiffs as a salesman under an agreement that for his services he should be paid at the rate of $4,000 a year, and at the end of the year, if he remained so long, he should be paid in addition to this salary the sum

of $1,000. That he did remain in the plaintiffs' service for the year and was paid the salary of $4,000 but no more. It appears that the defendant was employed through one Rice who was in the plaintiffs' service at the head of one of the departments of the business. That Rice, acting for the plaintiffs, employed the defendant at the rate of $4,000 a year there is no dispute. The defendant claims that he was promised by Rice at the end of the year the further sum of $1,000 which was never paid, though the full amount of the salary was. The controverted question of fact at the trial was whether Rice had in fact any authority to make such a promise or any promise or agreement beyond the regular salary of $4,000, which was paid. The only person representing the plaintiffs that, so far as appears, could confer any such power or authority denied that he gave any authority to any one to hire the defendant at a compensation in excess of the salary of $4,000. The defendant procured the testimony of Rice to be taken by commission out of the state and it was read at the trial. He testified in general terms that he was "authorized" to make such an agreement with the defendant. The witness, instead of giving the conversation in words or substance between himself and Wanamaker, whereby the latter authorized him to promise the defendant the additional $1,000, gave opinions and conclusions on that subject. When this testimony was read at the trial it was objected to by the plaintiff's counsel as incompetent, but the objection was overruled and the plaintiffs' counsel excepted. The learned trial judge in overruling the objection stated in substance that the testimony was not competent, and that if the witness was on the stand he would exclude it, but since it was taken by commission he decided to admit it. The case was submitted to the jury and a verdict was found for the defendant for the amount of the counterclaim after deducting the amount of the claim upon which the plaintiffs brought the action. The judgment entered on the verdict in favor of the defendant was affirmed at the Appellate Division by a divided court, and the exceptions referred to present the only questions for review on this appeal.

9

The ruling at the trial is defended by the learned counsel for the defendant, mainly upon the ground that the objections came too late, and should have been made either upon the allowance of the interrogatories or by motion to suppress the commission.

I think that an examination of the statute will show very clearly that this contention is untenable. Depositions of witnesses or parties out of court to be used at the trial are authorized only by statute, and except as so authorized testimony must be given by the witness in open court subject to the right of cross-examination. The manner of taking depositions out of court and their effect are regulated by articles one, two and three of title three of the Code of Civil Procedure. (Sections 870–920.) It will be seen that three distinct classes of depositions are there provided for. (1) Depositions to be taken within the state for use in our own courts. (2) Depositions to be taken within the state for use in the courts of other states. (3) Depositions to be taken out of the state for use within the state. The practice with respect to these three classes of depositions is regulated, and it is important to avoid the error of confusing regulations that apply only to one of these classes with regulations which apply to some other class. Every provision of the statute must be assigned to its proper place and applied to the proper class of depositions in order to get a clear understanding of the law with respect to the question involved. We are concerned now only with the third or last class mentioned. The deposition in this case was taken out of the state to be read upon the trial of an issue in our own courts under a sealed commission with written interrogatories attached. The statute provides three methods for taking testimony out of the state by commission to be read or used in our own courts. (1) By commission under the seal of the court with written interrogatories annexed. This method has been in use under statutes from times comparatively remote and was the one adopted in this case. (Code, sections 887–892.) (2) By open commission to examine the witness out of the state upon oral questions. (Code, sections 893–906.)

(3) Letters rogatory. (Section 913.) We are not now concerned with either of the last two methods mentioned, but only with the method first referred to. The procedure is somewhat different in each case, and it is necessary to refer to these provisions that relate only to the taking and return of the testimony of a witness out of the state by commission such as the court issued in this case. The procedure applicable to the other two methods of taking testimony has no relation to the case at bar.

The commission was issued in this case and the interrogatories settled under sections 887–892 of the Code. The interrogatories in such case may be settled by consent or by a judge of the court or a county judge. (Section 891.) The settlement of the interrogatories is in no sense a decision that they are competent or proper, and the judge has no power to change or amend them, or to reject any of them. The allowance or settlement is required only for the purpose of authenticating the interrogatories as the ones which the commissioner is authorized to propound to the witness. He cannot propound any other than such as are thus allowed and authenticated by the judge, but the allowance has no other effect. This is very clear since by section eight hundred and ninety-two "either party *must* be allowed to insert therein any question, pertinent to the issue, *which he proposes.*" It is very plain, therefore, that the judge on the settlement cannot pass upon the competency of any question, and, of course, he cannot then know what answer will be given. Any question proposed by either party must be allowed, if pertinent to the issue. The allowance of the interrogatories by the judge, therefore, can furnish no answer to the exception taken at the trial to the reading of the testimony.

Nor is it any answer to say that the plaintiffs were bound to move to suppress the defendant's commission, and that failing to do so the right to object to the testimony was waived. The power of the court to suppress a commission is limited to three specified defects or irregularities. (1) Where it has been improperly or irregularly taken or returned. (2) Where the

personal attendance of the witness can be procured at the trial. (3) Where fraud has been practiced by either party to the prejudice of the other. (Code, section 910.) In the case at bar the defendant's counsel proposed the interrogatories as he had the right to. If they, or any of them, were incompetent in form, the judge, on settlement, had no power to change them and there was no power to suppress the commission for that reason. The only remedy that the plaintiffs had was to object to the questions or the answers at the trial, except to an adverse ruling and correct the error, if any, by appeal.

This is very plain from the provisions of section nine hundred and eleven with respect to the effect of the deposition as evidence. " It has the same effect, and no other, as the oral testimony of the witness would have ; and an objection to the competency or credibility of the witness, or to the relevancy, or substantial competency, of a question put to him, or of an answer given by him, may be made, as if the witness was then personally examined, and without being noted upon the deposition." It will be seen that the right of a party against whom the deposition is read at the trial to object to either the questions or the answers or to both, is here expressly given and declared. The right to object is not limited to the questions, but a party may, when any of the answers are incompetent as evidence, either in whole or in part, point out by objection the testimony which is objectionable, and take the ruling of the court upon the point. The statute expressly permits this and for reasons that are very obvious, since it was foreseen that a question, in itself perfectly proper, might be followed by an answer containing matter wholly incompetent or *vice versa*. The questions in themselves may not in this case have been necessarily incompetent, but the answers, or some of them, clearly were, and the learned trial judge erred in overruling the plaintiff's objections to answers that violated the rule of evidence which requires a witness to state facts or conversations, and not give conclusions or opinions upon the question which the jury is to determine. This rule cannot be violated in the examination of a witness by commission any more than in the examination

of a witness personally present before the jury. The plaintiffs'
counsel not only objected to the answers when read, but after
they had been admitted against his objection and exception he
moved to strike them out and excepted to the decision of the
court denying his motion. This was the first opportunity that
he had to raise any question with respect to the competency
of the answers given by the witness. The defendant by read-
ing the testimony against a proper objection took the risk of
the ruling in his favor.

Nothing was decided in the case of *Hebbard* v. *Haughian*
(70 N. Y. 54) or *Uline* v. *N. Y. C. & H. R. R.R. Co.* (79 N.
Y. 175) that in the least conflicts with the views herein stated.

In the case first cited there was no question concerning the
admissibility of testimony taken upon commission. The wit-
ness had been examined *de bene esse* before a judge or referee.
It was an oral examination where the party had an opportunity
to object when the question was propounded, and all that the
court decided was that in such a case where no objection has
been made before the judge or officer taking the deposition,
orally, it is waived. That principle has no application to the
deposition of a witness examined by commission upon written
interrogatories.

In the case last cited the judge upon settlement of inter-
rogatories to be annexed to a commission disallowed certain
questions which were pertinent to the issue, and the only
question involved, or decided in the case, was whether he had
the legal right to do so. It was, of course, held that he had
not, and that principle so far from conflicting with anything
stated in this opinion is in complete harmony with the views
expressed. Indeed, one of the fundamental propositions that
I have stated is that a judge, upon settlement of the interroga-
tories, has no power in that regard. He has power to disallow
questions that have no relevancy or pertinency to the issue in
the case, though even then, as was said in the case referred to,
this power should be sparingly exercised.

In the case at bar the questions and the answers were clearly
pertinent, but the objection was that they were not compe-

tent. The distinction between a pertinent fact and competent proof of it is so plain that ordinarily the judicial mind will not fail to perceive it. A question or an answer may be very pertinent to the issue but incompetent and inadmissible within the rules of evidence. In the courts below, at the trial and upon appeal, no attempt was made to show that the testimony was competent, but, on the contrary, its incompetency was either assumed or admitted, but it was held that the objection was waived, either by omitting to object to the question rather than the answer, or by omitting to raise the point at the time of settling the interrogatories or by motion to suppress, and since that contention cannot be sustained the judgment must be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., LANDON and WERNER, JJ., concur; GRAY, MARTIN and CULLEN, JJ., dissent.

Judgment reversed, etc.