KRAMER v. KRAMER.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1. DEPOSITION—INTRODUCTION OF PART—OBJECTION TO REST.

Under Code Civ. Proc. § 883, providing that a deposition, when read in evidence, has the same effect as oral testimony of the witness would have, and an objection to the substantial competency of a question or answer may be made, as if the witness was then personally examined, defendant, at whose instance plaintiff's deposition was taken, though introducing part of it, may object to other parts of it as hearsay.

2. HEARSAY.

Plaintiff's testimony that her husband told her his brother was indebted to him is hearsay on the question of indebtedness.

3. NOTE—CONSIDERATION—EVIDENCE.

Evidence that, three years before defendant executed the note, he was indebted to plaintiff's husband, does not show a consideration for the note.

Appeal. from trial term, New York county.

Action by Gertrude S. Kramer against Edwin G. Kramer. From a judgment on a verdict directed for plaintiff, defendant appeals. Reversed.

See 74 N. Y. Supp. 1049.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Daniel P. Hays, for appellant.
William W. McFarland, for respondent.

McLAUGHLIN, J. This action was brought to recover the sum of $12,000, the amount of a promissory note, of which the plaintiff is the payee, and the defendant the maker. The answer, among other things, denied that there was any consideration for the note, or that the same was ever delivered to the plaintiff, and these were the two principal questions litigated at the trial. It there appeared that the plaintiff married Alfred E. Kramer, a brother of the defendant, in November, 1898; that, prior to or at the time of her marriage, Alfred E. agreed to give to her the note in suit, and on May 6, 1901, he handed her an envelope upon which he had written the following: "New York City, May 6, 1901. This is the personal property of Gertrude Short Kramer, to be delivered to her or myself only in case of necessity. A. E. K." In August following she opened the envelope, and found. therein the note in suit, which she produced at the trial, and then rested. It also appeared that the plaintiff's deposition was taken at the instance of the defendant prior to the trial; and, after the plaintiff had rested, defendant read certain portions of it, which established the fact that there was no consideration whatever passing between the plaintiff and the maker, and thereupon the defendant rested. The plaintiff, in rebuttal, called no witnesses, but sought to read portions of the deposition which had been omitted by the defendant, which were statements of the plaintiff as to what her

¶ 1. See Depositions, vol. 16, Cent Dig. §§ 276, 277, 301.

husband had told her at the time the note in suit was given, and which were to the effect that the maker was indebted to him. These questions were objected to on various grounds, and, among others, that it was hearsay and not binding upon the defendant. The objections were overruled, and exceptions taken.

We are of the opinion that the exceptions were well taken. Section 883 of the Code provides that a deposition taken as this one was, when read in evidence, has the same effect, and no other, as the oral testimony of the witness would have, and an objection to the relevancy or substantial competency of a question put, or answer given, may be made as if the witness were then personally examined, and without being noted on the deposition. A deposition, therefore, taken under this section, has the same effect, and no other, that the oral testimony of the witness would have; and the fact that a party at whose instance it was taken reads a portion of the testimony given, which is material and competent, as bearing upon the issue, does not permit the opposing party to read the portions omitted, if they are incompetent and duly objected to. This was distinctly held in Wanamaker v. Megraw, 168 N. Y. 125, 61 N. E. 112, where the court of appeals said:

"The party who has caused a deposition to be given on his behalf does not necessarily, by offering and reading parts of it in evidence, bind himself to read it all, or make answers which were irrelevant or incompetent admissible."

The precise point here presented was passed upon in Whitlatch v. Casualty Co., 21 App. Div. 128, 47 N. Y. Supp. 334. There counsel for plaintiff, after reading a deposition, insisted upon omitting a part of an answer. Counsel for the defendant objected to leaving this part of the answer out, and urged that all or none of the answer must be read, and thereupon the court directed the counsel for the plaintiff to read all or none of the answer, to which plaintiff excepted; and it was held that the exception was well taken. Mr. Justice Hatch, delivering the opinion of the court, said:

"That part of the answer which was objected to did not state any fact. * * * It was incompetent as testimony, and could not have been read by defendant, if omitted by the plaintiff, unless the latter consented."

The fact that the deposition was taken at the suggestion of the defendant, and that incompetent testimony was given which rendered the same inadmissible as evidence under the rules relating thereto, did not estop the defendant, when such testimony was offered in evidence, from objecting to it. Otherwise there.is no force or effect to the section of the Code above referred to. What the plaintiff's husband said to her as to the defendant being indebted to him, in the absence of the defendant, or some admission on his part, is clearly hearsay, not binding upon the defendant, and ought not to have been received. Nor did this evidence, if received, tend to show that there was a consideration for the note. The plaintiff had testified that there was no consideration passing between her and the defendant, and all that the deposition tended to establish, as bearing on that subject, was that her husband had said in 1898 that his brother owed

him this amount. But that fell far short of establishing the fact either that the brother did owe him that amount at that time, or, if he did, that he was indebted to him in 1901,—the time the note was given. All it established was that the husband said so, but no one would seriously contend that upon that statement alone an action could be successfully maintained against the defendant.

We are of the opinion, therefore, that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.