or to or by any of its officers, or to or by any other person, on this subject, stating whether copies of all such letters and writings have been so annexed."

Interrogatory 16: "State whether the person so appointed was or was not related to or connected with some one or more of the directors, or of the principal officers of the defendant company, or of its trustees, and, if so, which, and how related or connected, and when and by whom an application for his appointment, or any suggestion of his name, was made, and, if in writing, annex a copy of each and every such application or suggestion, and of any reply thereto, and of any and all written communications between the company, or any of its officers, and any one else, upon this subject, and state whether you have done this."

Plaintiff proposed the following interrogatory to witness H. B. Guernsey:

Interrogatory 4: "State whether anything, and, if so, what, was said in any such conversation to the effect that a contract had been made by any one, and, if so, by whom, with Mr. Irving and others, and, if so, with what others, to become the agents of the defendant company, and also by whom and in whose presence any such statement was made, and what response, if any, was made by any one, and by whom, to the statement. State fully everything that was said by any one, and by whom, in any such conversation."

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, HOUGHTON, and SCOTT, JJ.

George A. Strong, for plaintiffs.
Frederick B. Campbell, for defendant.

PER CURIAM. The order appealed from must be reversed, in so far as appealed from by plaintiff, and the seventh, eighth, and ninth interrogatories to be addressed to Sir Neville Lubbock, William N. Whymper, and E. H. Britton allowed and settled as originally proposed by plaintiffs.

The order must be affirmed, in so far as appealed from by defendant, and the third, fourth, fifth, sixth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, and sixteenth interrogatories proposed to be propounded to the above-named witnesses, and the fourth interrogatory to be addressed to the witness H. B. Guernsey allowed and settled, with $10 costs and disbursements to the plaintiffs, appellants.

---

(122 App. Div. 56.)

IRVING et al. v. ROYAL EXCH. ASSURANCE OF LONDON.

(Supreme Court, Appellate Division, First Department. November 22, 1907.

1. DEPOSITIONS—INTERROGATORIES—MATERIALITY.

Though the judge, in settling interrogatories to be annexed to a commission, has, under Code Civ. Proc. § 892, providing that either party must be allowed to insert any question pertinent to the issue, authority to disallow questions not pertinent, he should allow questions, unless clearly not pertinent, and objection to any other question should be raised at the trial, as expressly authorized by section 911.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 65.]

2. SAME—CROSS-INTERROGATORIES—RIGHT TO SUBMIT.

A party took out a commission to examine witnesses on written inter-rogatories. The adverse party took out an independent commission to examine the same witnesses, together with an additional witness. *Held*, that under Code Civ. Proc. § 892, providing that either party must be allowed to insert any question pertinent to the issue, the party first mentioned could not be deprived of the right to cross-examine the witnesses of the adverse party.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 67.]

Appeal from Special Term.

Action by Alexander D. Irving and others against the Royal Exchange Assurance of London. From an order settling interrogatories to be annexed to a commission, plaintiffs appeal. Reversed, with directions to settle interrogatories.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

George A. Strong, for appellants.
Frederick B. Campbell, for respondent.

PER CURIAM. This action was brought to recover damages for the breach of a contract. After issue had been joined the defendant obtained a commission to take, upon written interrogatories, the testimony of certain witnesses residing in London, England. The plaintiffs proposed certain cross-interrogatories, which the court at Special Term refused to allow, and the plaintiffs appeal from the order.

Unless the interrogatories to be annexed to a commission are settled by consent of the parties, they must be settled in the manner prescribed by the general rules of practice. Code Civ. Proc. § 891. The interrogatories, when settled, must be annexed to the commission, and "either party must be allowed to insert therein any question pertinent to the issue which he proposes." Code Civ. Proc. § 892. Under the section last cited, the judge, in settling the interrogatories, has authority to disallow questions not pertinent; and this necessarily implies that he has the power to determine whether a question proposed is pertinent or not. Uline v. N. Y. Cent. & Hud. Riv. R. R. Co., 79 N. Y. 175. In the case just cited, the court held that the power to exclude questions should be sparingly exercised, for the reason that a judge cannot always foresee precisely what evidence the exigencies of the trial may render proper. Not only this, but the statute (section 911, Code Civ. Proc.) reserves the right to either party to make at the trial any objection to questions or answers which he could make if the witness were testifying there orally, and for that reason there is no necessity for determining with that same degree of accuracy that a judge would at the trial whether a question is pertinent or not. Of course, if a question is clearly not pertinent, incompetent, or immaterial, then it should not be allowed; but, unless these facts do appear, then the same ought to be allowed, and the objection raised, if at all, at the trial.

Here all the plaintiff's cross-interrogatories were disallowed. It appeared that the plaintiffs had taken out a commission to examine, upon written interrogatories, all of the witnesses except one, Megaw, whom the defendant sought to examine; and the learned judge who made the order from which the appeal is taken thought, as appears from his opinion, that because of that fact the plaintiffs ought not to be permitted to cross-examine the same witnesses when their testimony was sought to be taken by the defendants on an independent commission, or to examine Megaw, because they could have included him in their commission; and he permitted them, if they saw fit to do so, to so

amend their commission. Obviously the order cannot stand. The judge could not deprive the plaintiffs of the right to cross-examine the witness Megaw by compelling them to call him as their own witness. Nor could he deprive them of the right to cross-examine the other witnesses. The fact that they had taken out a commission to examine them is of no importance, because the section of the Code above referred to (892) specifically provides, as we have seen, that "either party must be allowed to insert therein any question pertinent to the issue which he proposes." The questions here proposed, which were disallowed, and of which the plaintiffs complain, would seem to be pertinent to the issue; and, if the answers to such questions are not pertinent, then the rights of the defendant can be protected at the trial, either by objections or motions to strike out.

The order, in so far as appealed from, therefore, should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term, with direction to settle the interrogatories in accordance with this opinion.