AMERICAN INSTITUTE OF SCIENTIFIC RESEARCH v. RANDOLPH.

(Supreme Court, Appellate Term, First Department. May 22, 1913.)

1. DEPOSITIONS (§ 44*)—EXAMINATION OF WITNESSES—PROPOSED INTERROGA·TORIES AND CROSS-INTERROGATORIES—MATERIALITY.

    Though ordinarily the relevancy of proposed interrogatories will not be determined in advance of the trial, the court will not permit numerous proposed interrogatories relative to issues which as a matter of law are irrelevant to the questions that will be litigated at the trial.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 65, 66; Dec. Dig. § 44.*]

2. ESTOPPEL (§ 77*)—COMMON SOURCE OF TITLE.

    One asserting a lien on the personalty of a chattel mortgagor under an express contract with him, and also asserting that the chattel mortgagee was aware of the lien at the time of the execution of the mortgage, may not, when sued by the mortgagee, entitled to take possession of the mortgaged chattels because of a default in payment of the debt, dispute the title of the mortgagor.

    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 198–203; Dec. Dig. § 77.*]

Appeal from City Court of New York, Special Term.

Action by the American Institute of Scientific Research against Charles W. Randolph. From an order settling proposed interrogato-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ries and refusing to disallow all of defendant's cross-interrogatories, excepting enumerated interrogatories, plaintiff appeals. Modified and affirmed.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Miles M. Dawson, of New York City, for appellant.
John M. Lathrop, of New York City, for respondent.

BIJUR, J. The cross-interrogatories proposed to one witness aggregate 114, and to another 115. The complaint alleges a mortgage by the two witnesses referred to, namely, Charles and Bessie Bogle, together with power of attorney to plaintiff to take possession of the mortgaged goods in the event of default in payment of the secured indebtedness. It further alleges such default, possession by defendant of the mortgaged goods, demand by plaintiff for possession, and defendant's refusal.

Defendant denies in his answer any knowledge or information sufficient to form a belief as to a number of the allegations of the complaint, and sets up as a separate defense that the Bogles placed the chattels in storage with the defendant, and gave him possession thereof and a lien thereon sufficient to cover a charge of $25 a month, which the said Bogles had "agreed to pay for the use and occupation in storage of said chattels in said office in the suite known as No. 1509, 15th Floor, 27 William Street." It sets up a further defense that the plaintiff was not authorized by its charter to lend money, and for a partial defense that the plaintiff has replevied the goods in question, and that they are not now in possession of the defendant.

In reply to the 22 direct interrogatories, addressed to the fact of the Bogles' transfer of title to the plaintiff, the defendant submitted 229 cross-interrogatories. Substantially the only issues involved in this controversy are plaintiff's title, in which is involved the existence of the debt to plaintiff, and, in the state of the pleadings, defendant's claim of lien. Although the answer is not as precise as it might be in that respect, it must, for the purposes of this motion, be regarded as the assertion of a lien accorded by an express contract, with the further claim that plaintiff was aware thereof at the time its rights were created.

[1] It is true that under ordinary circumstances the exact pertinency or relevancy of interrogatories need not be determined in advance of the trial; but where a party proposes a mass of questions relating to issues which, as matter of law, are totally irrelevant to the questions that will be litigated at the trial, the court should not permit the opposite party to be harassed by such a proceeding. Dent v. Soc. of Friars Minor, 16 N. Y. Supp. 684,[1] Irving v. Royal Exchange Assurance, 122 App. Div. 56, 107 N. Y. Supp. 83.

[2] Many of the cross-interrogatories are directed to the investigation of the Bogles' title; but that cannot be disputed by the defendant in this action, since he relies upon it for his own title. Western

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 62 Hun, 620.

Transportation Co. v. Barber, 56 N. Y. 544. A large number of other interrogatories are totally irrelevant from any standpoint.

The order must therefore be modified, by settling the cross-interrogatories by omitting the following: From those addressed to Charles L. Bogle: 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, 21st, 22d, 23d, 24th, 25th, 26th, 27th, 28th, 29th, 30th, 31st, 32d, 33d, 34th, last half of 35th, last half of 36th, last half of 37th, 41st, 42d, 44th, 54th, 63d, 64th, 66th, 67th, 68th, 69th, 70th, 71st, 72d, 73d, 74th, 75th, 76th, 77th, 78th, 79th, 81st, 84th, 85th, 86th, 87th, 88th, 89th, 90th, 91st, 92d, 93d, 94th, 95th, 102d, 103d, 104th, 105th, 106th, 109th, 110th, 113th, and 114th. From those addressed to Bessie T. Bogle: 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, 17th, 18th, 19th, 20th, 21st, 22d, 23d, 24th, 25th, 26th, 27th, 28th, 29th, 30th, 31st, 32d, 33d, last half of 34th, last half of 35th, last half of 36th, 40th, 41st, 43d, 50th, 57th, 66th, 67th, 69th, 70th, 71st, 72d, 73d, 74th, 75th, 76th, 77th, 78th, 79th, 80th, 81st, 82d, 84th, 87th, 88th, 89th, 90th, 91st, 92d, 93d, 94th, 95th, 96th, 97th, 98th, 105th, 106th, 107th, 108th, 109th, 112th, 113th, and 114th—and, as so modified, affirmed, with $10 costs and disbursements to the appellant. All concur.