In the Matter of the Estate of MARGARET DURKAN, Deceased.

Surrogate's Court, Kings County, February 28, 1936.

*William Drennan,* for the administratrix, Elizabeth Tunney.

*George W. Cornell,* for the claimant, District Mental Hospital, Castlebar, County Mayo, Irish Free State, objectant to account.

WINGATE, S. Prior to the adoption of the Civil Practice Act, the procedure in the settlement of interrogatories to be attached to a commission was regulated by sections 891 and 892 of the Code of Civil Procedure, which provided that where consent of the parties was absent, settlement should be made by the court on notice. Respecting the content of the questions proposed to be propounded, the following pregnant provision was inserted: " Either party must be allowed to insert therein any question, pertinent to the issue, which he proposes."

Under this enactment, it was uniformly determined that, in the settlement of interrogatories, whereas a court had " authority to disallow questions not pertinent to the issue," such authority " should be sparingly exercised," and that the right " to deny or curtail " did not exist. ( *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 175, 179. See, also, *Irving* v. *Royal Exchange Assurance of London,* 122 App. Div. 56, 57, 58.) In further development of the last thought, it was decided that " the settlement of the interrogatories is in no sense a decision that they are competent or proper, and the judge has no power to change or amend them, or to reject any of them. The allowance or settlement is required only for the purpose of authenticating the interrogatories as the ones which the commissioner is authorized to propound to the witness. He cannot propound any other than such as are thus allowed and authenticated by the judge, but the allowance has no other effect. * * * Any

question proposed by either party must be allowed, if pertinent to the issue." (*Wanamaker* v. *Megraw*, 168 N. Y. 125, 131. See, also, *Zeggio* v. *Robinson*, 155 App. Div. 893.)

With the passing of the Code of Civil Procedure, the governance of the question passed under the Rules of Civil Practice, being particularly regulated by rule 126. Whereas the construction of this rule in the particular here pertinent does not appear to have been made the subject of reported adjudication, it is obvious that the language employed, namely, " Either party shall be allowed to insert any question pertinent to the issue," effects a continuation of the previously existing practice.

It follows that a court possesses no authority to eliminate a proposed interrogatory or cross-interrogatory, upon their settlement, except where it " is clearly irrelevant, and is apparently put for the purpose of eliciting information in no way connected with any issue presented by the pleadings." (*Walton* v. *Godwin*, 54 Hun, 387.)

Applying the foregoing principles to the case at bar, all objections by both parties to the proposed interrogatories and cross-interrogatories are overruled. Some may be proper on the trial on the question of admissibility of the testimony adduced. They are improper at this time.

Enter order on notice.