FRANK WALTON, Respondent, v. PARKE GODWIN, Appellant.

*Interrogatories to a commission to examine a witness — when so clearly irrelevant as to be disallowed.*

Although, as a general rule, all interrogatories which may be propounded under a commission for the examination of a witness should be allowed, leaving the question as to the admissibility of the evidence to be determined at the trial, where it can be much better and more intelligently done than upon the settlement of the interrogatories, yet where an interrogatory is clearly irrelevant, and is apparently put for the purpose of eliciting information in no way connected with any issue presented by the pleadings in the action, such interrogatory should not be allowed.

Appeal by the defendant from order entered in the clerk's office of the county of New York, July 2, 1889, allowing certain cross-interrogatories to be attached to a commission to be issued for the examination of Jacques Bouhy a witness for defendant.

*Nelson Smith*, for the appellant.

*W. W. Badger*, for the respondent.

Van Brunt, P. J.:

Although it is true that the general rule is to allow all interrogataries which may be propounded under a commission, leaving the question of the admissibility of the evidence to be determined at the trial where it can be much better and more intelligently done than upon the settlement of the interrogatories, yet where an interrogatory is clearly irrelevant, and is apparently put for the purpose of eliciting information in no way connected with any issue presented by the pleadings in the action, such interrogatory should not be allowed. Applying this rule to the interrogatories now before the court and which are put by the plaintiff by way of cross-examination, it would appear that no error was commited in the allowance of the eighth, ninth and the first paragraph of the tenth. There were issues presented which related to the good faith of the opera company in the charge of plaintiff's assignment, and also to the truth of the statements contained in the report signed by the defendant as to the assets of the opera company, and these interrogatories were

pertinent to these issues. The last clause of the tenth interrogatory and the whole of the fourteenth seem to be improper. The fourteenth in no way tended to elicit any evidence in any way connected with the issues presented in this action, but seems to have been put for the purpose of procuring information which might affect other claims which had been or might be presented against the signers of the report in question.

The order appealed from should be modified, disallowing the last clause of the tenth interrogatory and the whole of the fourteenth, and as so modified affirmed, without costs.

BRADY and DANIELS, JJ., concurred.

Order modified, as stated in opinion and as so modified affirmed, without costs.