### HEMENWAY et al. v. KNUDSON et al.

(Supreme Court, General Term, First Department. January 13, 1893.)

1. DEPOSITIONS—ALLOWANCE OF INTERROGATORIES.

Unless an interrogatory or cross interrogatory is manifestly impertinent and improper, it should be allowed on the preliminary settlement, as the rights of the parties can be amply protected by allowing the interrogatories subject to objections on the trial.

2. SAME—CROSS INTERROGATORIES.

A cross interrogatory, in which the witness is asked to state the respective interests of members of two firms, only one of which is a party to the action, both as to the assets and profits, when not asked for the purpose of elucidating any testimony that might be offered during the trial, is improper, and should be excluded.

Appeal from special term, New York county.

Action by Charles P. Hemenway and others against Morris F. Knudson and others. From an order settling interrogatories and cross interrogatories to be annexed to certain commissions, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

Geo. A. Black, for appellants.

Wm. M. Ivins, (John S. Melcher, of counsel,) for respondents.

VAN BRUNT, P. J. Upon an examination of the cross interrogatories, the exclusion of which forms the subject-matter of this appeal, it

would appear that most of them were certainly pertinent to the subject-matter inquired of by the direct interrogatories of the various witnesses; and they certainly were not so clearly irrelevant to the issues which were involved, and to the testimony sought to be introduced by the direct interrogatories, that the court, at special term, in the settlement of interrogatories, should have excluded the same. The rights of the parties could have been amply protected by allowing the interrogatories, subject to objections upon the trial. It is impossible, in advance, for the court to know precisely how the evidence will shape itself upon the trial; and, unless the interrogatory or cross interrogatory is manifestly impertinent and improper, it should be allowed upon this preliminary settlement.

There is one cross interrogatory, however, which cannot be pertinent to any issue which can be presented for solution upon the trial of this case; and. that is the third, when the witness is asked to state the respective interests of members of two firms, one of which is a party to the action and another is not, both as to its assets and profits. This question is entirely unnecessary, improper, and not asked for the purpose of elucidating any testimony which may be offered during the progress of the trial, and therefore was properly excluded. We think the order appealed from should be reversed, as to the other cross interrogatories, and the said cross interrogatories allowed, subject to objection upon the trial, and affirmed as to the third cross interrogatory, without costs of this appeal. All concur.