ANNIE M. KEATING, Respondent, v. WILLIAM B. HAYES, Appellant.

*Order obtained by fraud — vacated upon proof thereof.*

Where an order of the court, opening the defendant's default in an action and permitting him to answer, is obtained by fraud, such order is properly vacated by the court upon proof of the fraud on the part of the person obtaining the same.

APPEAL by the defendant, William B. Hayes, from an order of the Supreme Court, made at the Monroe Circuit and entered in the office of the clerk of the county of Monroe on the 17th day of April, 1893, vacating an order entered in said clerk's office on the 29th day of April, 1891, opening a default, striking out the defendant's answer and directing that the judgment entered in said clerk's office on the 31st day of January, 1891, stand as the final judgment in the action.

*Eugene Van Voorhis*, for the appellant.

*Joseph W. Taylor*, for the respondent.

LEWIS, J.:

The plaintiff, as the owner and holder of a promissory note made by the defendant, dated October 27, 1887, payable to the order of

the plaintiff, for the sum of $2,000, brought an action thereon against the defendant by the service upon him of a summons and complaint.

Defendant made default, and judgment was entered against him in favor of the plaintiff for the amount of the note.

Thereafter the defendant made a motion to vacate and set aside the judgment, upon the ground that the summons and complaint were never, in fact, served upon him, but were served upon his brother, Joseph J. Hayes.

The motion was denied, and he then made a motion for an order opening the default and permitting him to answer, which motion was granted.

The order, however, provided that the judgment might stand as security. The latter motion was founded upon what purported to be the affidavits of the defendant and his brother, Joseph J. Hayes, purporting to be verified on the 15th of April, 1891, before a notary public in and for the county of New York. The defendant thereupon served his verified answer denying all of the allegations of the complaint. The defendant was thereafter indicted, tried and convicted in the city of New York of the crime of perjury, in verifying the said affidavit, and was sentenced to imprisonment in State prison for the term of eight years, and is now serving such sentence.

After the trial and conviction of the defendant, plaintiff made a motion to vacate and set aside the order aforesaid opening the default of the defendant and allowing him to serve his answer.

It was made to appear to the court, by the affidavits read upon said motion, and by an inspection and comparison of signatures presented to the court, that the said order opening the defendant's default was procured by the defendant's practicing fraud and deception upon the court, in the use upon the motion of papers purporting to be affidavits made by the defendant and his brother which had not in fact been verified.

It was also made to appear that a paper which purported to be the affidavit of Joseph J. Hayes, and used upon said motion by the defendant, was never in fact signed or verified by him. These fictitious papers formed the basis of the order opening the default.

These facts being made to appear to the satisfaction of the court,

the order appealed from was granted vacating and setting aside the order opening said default and striking out the answer, and directing that the judgment stand as the final judgment of this action, and that the same be enforced in the usual manner.

It would certainly have been a travesty upon the administration of law to have permitted the defendant to retain and enjoy the benefits of an order which he obtained by practicing upon the court fraud and imposition.

The order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.