ance Company. No opinion. Judgment and order appealed from affirmed. See 17 N. Y. Supp. 333; 34 N. E. 289.

H. B. CLAFLIN CO. v. COURTNEY, Sheriff. (Supreme Court, General Term, First Department. June 15, 1894.) Action by the H. B. Claflin Company against John Courtney, sheriff, etc. No opinion. Order affirmed, with $10 costs and disbursements.

HEATH, Appellant, v. AGALITE FIBRE CO., Respondent. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by Philemon Heath, as administrator, against the Agalite Fibre Company. No opinion. Judgment affirmed, with costs.

HEMENWAY, Respondent, v. KNUDSON, Appellant. (Supreme Court, General Term, First Department. June 15, 1894.) Action by Charles P. Hemenway against Morris F. Knudson. G. A. Black, for appellant. W. M. Ivins, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 21 N. Y. Supp. 679; 25 N. Y. Supp. 1018.

HOLLY et al., Respondents, v. MANHATTAN RY. CO., Appellant. (Superior Court of New York City, General Term. July 2, 1894.) Action by Henry Holly and others against the Manhattan Railway Company.

PER CURIAM. The trust clause in the will of Robert Carnley, deceased, cannot be construed as partly valid and partly invalid. The trust attempted to be created constitutes a scheme which permeates the entire will to such an extent that the will, as a whole, is either valid or invalid in this respect. In either case, all the necessary parties in interest are before the court as plaintiffs, with others, and the defendant is fully protected by the decision and the judgment herein. There is no merit in the claim that the judgment is assailable on the ground that there are remainder-men who were not made parties, and that in their absence the court below erred in refusing to assess damage upon the theory that the plaintiffs Margaret Ann Holly, Frances Sackett, and Emma Holly are only life tenants. The findings as to the damages are sustained by the evidence. Upon the whole case, no error appears which calls for reversal. The judgment should be affirmed, with costs.

IRVING, Respondent, v. BRITTON, Appellant. (Common Pleas of New York City and County, General Term. August 1, 1894.) Action by Robert G. Irving against Joseph A. Britton. Howe & Hummel, for appellant. L. B. Crane, for respondent. No opinion. Motion for leave to appeal to the court of appeals. Granted. See 28 N. Y. Supp. 529.

IVES v. METROPOLITAN LIFE INS. CO. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by Maria Ives against the Metropolitan Life Insurance Company. No opinion. Motion for leave to go to the court of appeals granted. See 28 N. Y. Supp. 1030.

In re JONES. (Supreme Court, General Term, First Department. June 15, 1894.) No opinion. Decree reversed, and will admitted to probate.

JONES v. INDUSTRIAL BEN. ASS'N. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by Susan B. Jones against the Industrial Benefit Association. No opinion. Judgment affirmed, with costs.

KALBFLEISCH, Appellant, v. MALVERN HILL MARL & PHOSPHATE CO., Respondent. (Supreme

Court, General Term, First Department. April 13, 1894.) Action by Frederick W. Kalbfleisch against Malvern Hill Marl & Phosphate Company. W. Highley, for appellant. C. N. Harris, for respondent. Mem.; not published, by order of the court. Judgment affirmed, with costs.

KEATING, Respondent, v. HAYES, Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Annie M. Keating against William B. Hayes. No opinion. Order appealed from affirmed, with $10 costs and disbursements. See 29 N. Y. Supp. 475.

KIERMAN et al., Appellants, v. AGRICULTURAL INS. CO., Respondent. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by William Kierman and another against the Agricultural Insurance Company. No opinion. Motion for reargument granted.

KISSAM v. DITMAN. (Superior Court of New York City, General Term. June 11, 1894.) Action by John W. Kissam against Andrew J. Ditman.

PER CURIAM. The respondent should have obtained an order declaring the case on appeal abandoned, and then moved under the second subdivision of section 6 of the Rules of this court. The motion to dismiss the appeal should be denied, but without costs.

KLEMM v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, General Term, Second Department, July 27, 1894.) Action by Anthony Klemm, as administrator, etc., against the New York Central & Hudson River Railroad Company. No opinion. Motion for reargument granted. See 28 N. Y. Supp. 361.

KLIPSTEIN, Respondent, v. NEW YORK EL. R. CO., Appellant. (Superior Court of New York City, General Term. July 2, 1894.) Action by August Klipstein against the New York Elevated Railroad Company. For former report, see 28 N. Y. Supp. 683.

PER CURIAM. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the respondent, by stipulation, consents to deduct from the judgment the sum allowed by the jury for interest, and the interest, if any, computed upon such sum from the time of the rendition of the verdict. If such stipulation be given, and reduction made, the judgment and order should be affirmed, without costs upon this appeal.

KNOPE, Respondent, v. NUNN, Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Mary A. Knope against Joseph Nunn. No opinion. Motion to strike case from the calendar and for affirmance denied, without costs. See 26 N. Y. Supp. 1074.

KOHN v. KELLOGG. (Supreme Court, General Term, First Department. June 15, 1894.) Action by Isaac K. Kohn against Frederick H. Kellogg. No opinion. Motion granted, on payment of $10 costs.

In re KRIEBLER'S WILL. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Proceeding for the probate of the will of Simeon Kriebler, deceased. No opinion. Motion to dismiss appeal granted, on default.

LANEY, Respondent, v. ROCHESTER RY. CO., Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Charles S. Laney against the Rochester Railway Company. No opinion. Judgment appealed from affirmed, with costs, on the opinion of the referee.