The opinions of medical experts that a testator may have been of unsound mind at the date of the execution of a will, deduced from the fact that he became insane within three months thereafter, are not sufficient to overcome satisfactory testimony of witnesses of good standing and character that the testator had full testamentary capacity, and was of sound mind, on the day the will was executed.

Proceedings for the probate of the will of De Witt C. Lawrence, in which the testator's testamentary capacity was contested. There was a decree admitting the will to probate.

For former opinion, see 58 N. Y. Supp. 597.

Butler, Notman, Joline & Mynderse, for proponents.

Henry W. Taft, for contestants.

VARNUM, S. This case was tried before Mr. Surrogate Arnold, but has since been submitted to me after an extended oral argument. The testator executed his will May 9, 1887. It was drawn by Mr. William Allen Butler, in accordance with testator's instructions; is entirely in Mr. Butler's handwriting; and was executed in the latter's presence, the subscribing witnesses being all connected with Mr. Butler's office. The only question raised in this contest is whether or not the testator was of sound mind, and had full testamentary capacity, at the time the will was executed. He was then a widower, about 57 years of age, and entered into a second marriage at Geneva, Switzerland, on the 21st day of July, 1887, and it is conceded that within five days thereafter he became violently insane, was confined in an asylum near Paris about the middle of August, and, after remaining there a number of weeks, was brought to New York, where his insanity was judicially established and determined, and he was committed to the Middletown State Asylum; his mental trouble being of the character known as "melancholia." His disease continued to develop so that it became chronic and incurable, and lasted for about 10 years, until he died in the asylum in the spring of 1897. I have carefully examined the able, ingenious, and exhaustive brief of the learned counsel for the contestants, and the testimony therein referred to, but I fail to find anything to convince me that there was more than what I shall call a "reasonable possibility," based solely upon the testimony of the medical experts, that because he became insane at the end of July he may have been of unsound mind on May 9th, when the will was executed. On the contrary, the proof offered on behalf of the proponents, and the standing and character of the witnesses produced by them, satisfy me that the testator had full testamentary capacity, and was of sound mind, on the 9th day of May, when the will was executed. Submit decree admitting will to probate.

Decreed accordingly.