(29 Misc. Rep. 391.)

## In re CONNOR'S WILL.

(Surrogate's Court, New York County. October, 1899.)

WILLS—TESTAMENTARY CAPACITY—EVIDENCE.

A will, fair and reasonable, will not be set aside where the only evidence of mental incapacity is the answer of a medical expert, made to a hypothetical question, that he would not regard one under those certain conditions assumed, and suffering from Bright's disease, as competent to make a will, when the question did not state the conditions as proved, and deceased was not proved to have had that form of Bright's disease which necessarily renders one mentally incompetent.

Proceedings by Patrick Connor and another, contesting the probate of the last will and testament of John Connor, deceased. Probate decreed.

Proceedings upon probate of a will. Decedent died possessed of one small house and lot, valued at $6,000, and $1,400 cash in banks, which he gave to two of his sisters. His brother and another contested the will on the ground of want of mental capacity.

David A. Sullivan, for proponent.
George H. Hart, for contestants.

VARNUM, S. The decedent, John Connor, was about 65 years old when he died, on June 3, 1899, and left, him surviving, as his only heirs at law and next of kin, a brother, Patrick Connor, of nearly the same age, two maiden sisters of middle age, Kate and Mary Connor, and a half-sister, Julia Flanagan. He left personal property estimated at about $1,400, consisting chiefly of money in banks, and certain real estate, in which there appears to be an equity of something like $6,000 or $7,000. The maiden sisters above named, both poor, and one of them, at least, working as a seamstress, had lived with the decedent and kept house for him up to and for a considerable time before his death. A paper is now offered for probate as his last will and testament, dated March 9, 1899, by which he gives all his money in certain specified banks and his interest in the real estate above mentioned to his sisters Kate and Mary, above referred to, and by which he appoints one of them as executrix. The alleged will is contested by his brother, Patrick Connor, and his half-sister, Julia Flanagan, on all the usual grounds. It is unnecessary to refer to the testimony in extenso. I find that the will was properly executed in accordance with law, and that no undue influence was exerted upon the testator to secure its execution. See In re Lowman's Estate, 1 Misc. Rep. 43, 22 N. Y. Supp. 1055. I am also most decidedly of opinion that the testator was in such a condition of mind and body as to be perfectly capable at law of making the will in question. The only testimony to the contrary worthy of any consideration came from an expert medical witness,

who, in answer to a hypothetical question propounded by contestants' counsel as to certain conditions, stated that, in his opinion, a man under those conditions, and suffering from Bright's disease of the kidneys, would not have been mentally competent to make a will. The hypothetical question to which the answer was given did not, in my opinion, state the facts of the case as they had been proved. See Dickie v. Van Vleck, 5 Redf. Sur. 284, 293. The testimony, in my judgment, does not show that the testator suffered from that especial type of Bright's disease which necessarily renders a person mentally incompetent. Moreover, the testimony, other than expert, as to the testator's testamentary capacity at the time the will was made, and especially that of the subscribing witnesses, should prevail over the opinion of an expert. In re Lyddy's Will (Sur.) 4 N. Y. Supp. 468; In re Kiedaisch's Will (Sur.) 13 N. Y. Supp. 255, 260; In re Johnson's Will, 7 Misc. Rep. 220, 27 N. Y. Supp. 649. As to the fairness and reasonableness of the will, it does not, in my judgment, seem unnatural that the testator should have preferred to leave the little property that he had to dispose of to the two middle-aged maiden sisters with whom he lived, who had ministered to his wants in the last years of his life, and who were poor, hardworking women, rather than to a brother, who, judging from his appearance upon the stand, is quite vigorous and strong, despite his age, and should be capable of earning his own livelihood. Nor is it strange, under all the circumstances, that he should have preferred his sisters of the full blood, with whom he lived, to his half-sister, the contestant. Objections overruled, and will admitted to probate.

Probate decreed.