(43 Misc. Rep. 571.)

## In re WENDEL'S WILL.

(Surrogate's Court, Kings County. May, 1904.)

1. WILLS—TESTAMENTARY CAPACITY—SENILE DEMENTIA—EVIDENCE.

    A will was contested on the ground that testatrix at the time she executed it was suffering from senile dementia, a progressive disease, evidenced by a complete breaking down of the brain tissues. *Held*, that the evidence of persons around her, though not experts, that testatrix was competent, was of great weight in determining her mental capacity.

2. SAME.

    On the contest of a will, where proof that testatrix was competent to and did attend to her affairs was seriously disputed only by evidence of the attending physician as to the existence of senile dementia, the instrument will be admitted to probate.

Proceedings upon the probate of the will of Margaret Wendel, deceased. Probate decreed.

James W. Redmond, for petitioner.
George Gru, for contestant.

CHURCH, S. The will offered for probate was made in October, 1901. The testatrix died February, 1904. The will was drawn by a well-known lawyer, and witnessed by himself and his brother. It appears that the deceased was a German, and that it was necessary to have the services of an interpreter. The deceased's brother acted as such interpreter, first telling the lawyer what the deceased wanted, and then repeating to the deceased, while the lawyer read the will, the contents of the will, and asked the necessary questions attending the execution of the same. This brother has since died, and so the manner of his interpretation cannot be explained, but it appears that the deceased evidently understood enough English to gather the general drift of the questions, as she assented to the same. So I am satisfied that the will was properly executed and published.

The contestant, however, claims that the deceased was mentally incompetent to make a will. The testimony by the contestant as to the general condition of this woman, by witnesses who are not medical experts, is very slight, and falls far short of establishing the incompetency of this woman. But the contestant has placed on the witness stand her attending physician, Dr. Nofis, and he testifies that she had senile dementia. This disease, as defined by him and the other expert, is a complete breaking down of the brain tissues in every respect. The

patient never recovers, and the disease is slowly progressive. If Dr. Nofis was correct in this diagnosis, the deceased at the time was far advanced in the disease, and never could have been any better; but it appears by the evidence of a large number of witnesses outside of the subscribing witnesses that the deceased was competent, and attended to many affairs, including certain transactions in regard to her property. There is a great distinction between the testimony of a nonexpert witness in a case of this kind and in a case where the party has some particular hallucination or delusion. In the latter case the nonexpert evidence amounts to little. Clapp v. Fullerton, 34 N. Y. 190, 90 Am. Dec. 681; Matter of Long's Will, 43 Misc. Rep. 560, 89 N. Y. Supp. 555. But in a case of such dementia the evidence of those surrounding the testator is of great importance, as, if the person is suffering from that disorder, they must have many visible symptoms. In this case to hold that the testatrix was incompetent would be equivalent to deciding that these witnesses had committed perjury. These witnesses impressed me with their truthfulness and candor, and I believe that the doctor must have made a mistake in his diagnosis. Let findings and decree be prepared admitting will to probate.

Probate decreed.