### SHAFER v. McINTYRE et al.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. APPEAL—DISCOVERY—ORDER ALLOWING INTERROGATORIES.

   An order settling and allowing cross-interrogatories propounded by the plaintiff to defendant is appealable.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 371.]

2. SAME—REVIEW—PRESUMPTIONS—BURDEN TO SHOW ERROR.

   Where defendant appealed from an order allowing cross-interrogatories propounded to him by the plaintiff, it rested upon him to show that they were clearly irrelevant.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3670.]

Appeal from Special Term.

Action by John H. Shafer against William H. McIntyre and James H. Hyde. From an order allowing cross-interrogatories, defendant Hyde appeals. Motion by plaintiff to dismiss the appeal. Motion denied. Order affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

Guggenheimer, Untermyer & Marshall (Louis Marshall, of counsel), for appellants.

Wilber & Yetter (A. D. Wales, of counsel), for respondent.

JOHN M. KELLOGG, J. Where interrogatories are allowed which are clearly irrelevant, and are for some ulterior or improper purpose, the court on appeal may disallow them. Walton v. Godwin, 54 Hun, 387, 7 N. Y. Supp. 926; Hemenway v. Knudson (Sup.) 21 N. Y. Supp. 679; Gilpin v. Daly (Sup.) 12 N. Y. Supp. 448. Those cases disregarded the suggestion in the prior case of Uline v. N. Y. C. R. R. Co., 79 N. Y. 175, that an order allowing interrogatories was not appealable because the court at the trial is ultimately to determine whether the question was proper or not, and therefore the order did not affect a substantial right. The question was not decided in that case, and the subsequent cases did well to disregard the dictum.

It seems clear that a party may be ordered to answer interrogatories which are so grossly improper that such requirement would affect a substantial right. I think the order is appealable. It is clear that liberality should be allowed in framing interrogatories, and that ordinarily a question should stand unless it is clear that it cannot within reasonable bounds be material. The action is generally to recover an agreed compensation for services performed, without a statement as to what the services were. The answer is a general denial. Many of the proposed interrogatories were not objected to, and perhaps from them we gain the only real light as to what issue the parties actually intend to litigate. If the interrogatories allowed by the defendant are material, we cannot say that the ones allowed by the court are immaterial. Having in mind the rule that interrogatories are usually allowed, leaving the question of their admissibility to the trial court, it seems on this appeal to rest with the appellant to show that the ones objected to are clearly irrelevant. It may be his misfortune that the record does not furnish more light as to the matters actually in litigation. We cannot say the order is clearly wrong. While it seems that all of the interrogatories cannot be necessary, and many may be quite unimportant, the trial judge can well determine the relevant ones as the case develops upon the trial.

It is urged that the interrogatories are really intended to prejudice the minds of the jury against the defendant, but the trial court will see that improper questions shall not be put for such a purpose and that the examination is kept within due bounds.

The motion to dismiss the appeal should be denied, with costs, and the order appealed from should be affirmed, with costs. All concur.