### ZEGGIO et al. v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

DEPOSITIONS (§ 46*)—PROPOSED INTERROGATORIES—IMMATERIALITY.

    Under Code Civ. Proc. § 892, giving either party the right to insert any question pertinent to the issue in a commission for the examination of a party, interrogatories proposed by the adverse party, not pertinent in view of the facts, and having no bearing on the issues, must on motion be stricken out.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 68–71; Dec. Dig. § 46.*]

Appeal from Special Term, New York County.

Action by Helen R. Zeggio and another against Duryea Remsen Robinson and others. From an order denying a motion of plaintiffs to strike out interrogatories proposed to be administered to a plaintiff under a commission, plaintiffs appeal. Reversed, and motion granted.

See, also, 137 N. Y. Supp. 1104.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Payson Merrill, of New York City, for appellants.

L. Laflin Kellogg, of New York City, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOWLING, J. .This is an appeal from so much of an order as denies the motion of the plaintiffs to strike out certain interrogatories, numbered 50 to 58, inclusive, proposed by the defendants to be administered to Helen R. Zeggio, one of the plaintiffs, under a commission heretofore issued for her examination. The action is brought to remove defendants as trustees under the will of Phebe H. Robinson, for the appointment of a receiver, for an accounting, and for other relief. In Wanamaker v. Megraw, 168 N. Y. 125, 61 N. E. 112, it was said:

"The settlement of the interrogatories is in no sense a decision that they are competent or proper, and the judge has no power to change or amend them, or to reject any of them. The allowance or settlement is required only for the purpose of authenticating the interrogatories as the ones which the commissioner is authorized to propound to the witness. He cannot propound any other than such as are thus allowed and authenticated by the judge, but the allowance has no other effect. This is very clear, since by section 892 'either party must be allowed to insert therein any question, pertinent to the issue, which he proposes.' It is very plain, therefore, that the judge on the settlement cannot pass upon the competency of any question, and, of course, he cannot then know what answer will be given. Any question proposed by either party must be allowed, if pertinent to the issue."

Applying these principles to the proposed interrogatories, it is sufficient to say that their pertinency is not made to appear by any facts now before us, and so far as the record shows they can have no bearing upon the issues between these parties at this time.

The order appealed from will therefore be reversed, and the motion granted, to the extent of disallowing the interrogatories numbered 50 to 58, inclusive, with costs to the appellants. All concur.

---

WILUND v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

APPEAL AND ERROR (§ 1003*)—VERDICT—EVIDENCE.

Where, in a negligence case, the verdict is against the weight of evidence on questions of negligence and contributory negligence, a judgment for plaintiff will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

Appeal from Trial Term, Kings County.