---

(158 App. Div. 815.)

### In re HERNANDEZ'S WILL.

(Supreme Court, Appellate Division, Second Department. November 14, 1913.)

1. WILLS (§ 164*)—UNDUE INFLUENCE—EVIDENCE—RELEVANCY.

Where testatrix's surviving husband offered her will making him practically the sole beneficiary for probate, and probate was attacked for nonexecution, testamentary incapacity, and undue influence, interrogatories inserted in a commission to show improper relations between proponent and another woman were not relevant to show that if the wife believed her husband to be an adulterer, and yet made him the chief beneficiary under her will, that would be proof of undue influence or incapacity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 403–414; Dec. Dig. § 164.*]

2. DEPOSITIONS (§ 46*)—INTERROGATORIES—RELEVANCY.

While a party is authorized by Code Civ. Proc. § 892, to insert in a commission any question pertinent, the mere insertion does not establish pertinency, and, if the interrogatory is challenged, the burden is on the party inserting it to show its pertinency.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 68–71; Dec. Dig. § 46.*]

3. APPEAL AND ERROR (§ 104*)—ORDERS APPEALABLE—DEPOSITION—INTERROGATORIES—SETTLEMENT.

An order of the Surrogate's Court denying a motion for an order disallowing certain proposed interrogatories inserted in a commission to take testimony in a will contest is appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 711–716; Dec. Dig. § 104.*]

Appeal from Surrogate's Court, Kings County.

Application by Walter Hernandez for probate of the last will and testament of Grace Norton Hernandez, deceased. From an order of the Surrogate's Court as resettled, denying proponent's motion for an order disallowing certain proposed interrogatories in a commission to take testimony, he appeals. Modified and affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Alfred G. Reeves, of New York City, for appellant.
Robert A. B. Dayton, of New York City, for respondent.

JENKS, P. J. [1] The will is attacked upon the grounds of nonexecution, testamentary incapacity, and undue influence. The inter-

---

rogatories in the commission objected to relate to the actions of a named woman. Neither they nor the record suggest relations between her and the testator, or even that they knew one another. No interrogatory calls for an answer that bears directly upon the issues. At most, they indicate an occasional association between this woman and the proponent, who is the husband of the testator and practically her sole beneficiary. It is not suggested in the record that the answers to the interrogatories would supplement any proof that is relevant to the issues. The learned counsel for the respondent writes in his printed points:

"The relations of the proponent and Mrs. ——— (naming the woman) may become an issue in the case. Supposing the testimony showed that Mrs. ——— (naming the woman) was the mistress of the proponent, that this fact was brought to the attention of the decedent by facts and circumstances which would have left no doubt in the mind of a person of ordinary intelligence, and that the proponent by his extraordinary influence over his wife was able to persuade her that what she heard and saw was a delusion and that his connection with Mrs. ——— (naming the woman) was perfectly proper, might not evidence to this effect be competent on the question both of testamentary capacity and of undue influence?"

The proposition of the appellant is that if a wife believes from evidence that her husband has been an adulterer, and yet makes him the chief beneficiary under her will, this is proof of his undue influence or of her incapacity, and therefore testimony of witnesses to establish the adultery is competent. I do not agree. But even in this proposition it is the belief of the wife that is the starting point, not whether the belief was well or ill founded. Why, then, should the contestants be permitted to lug into this litigation the issue that the proponent had been an adulterer? For if they could do so, surely the proponent could be heard in his defense.

The learned counsel for the respondent is frank to write in his printed points:

"The contestant admits that the evidence to be given by these witnesses, standing alone, would not warrant the court in rejecting the will, but this evidence will not stand alone, and, taken in connection with other evidence which the contestant will offer, may be competent and material, and it is submitted that this is all that the contestant has to show on this appeal."

But I repeat that I fail to find in the record any indication of what such other evidence may be, or even that it exists.

[2, 3] The privilege of the party was to insert any question that is pertinent. Section 892, Code of Civil Procedure. The mere insertion does not establish pertinency, and therefore I think that the proposer of the question when challenged by an objection of impertinency must show pertinency. Such is the opinion of this court in the First Department. Zeggio v. Robinson, 155 App. Div. 893, 139 N. Y. Supp. 1070. I think that the order is appealable. Zeggio v. Robinson, supra; Shafer v. McIntyre, 116 App. Div. 87, 101 N. Y. Supp. 268. In the latter case the court names cases which have disregarded the "suggestion" contra in Uline's Case, 79 N. Y. 175, 53 Am. Rep. 123, note, which is cited to us by the respondent.

The order must be modified in accordance with this opinion, and as modified should be affirmed, without costs. All concur.