In the Matter of the Probate of the Last Will and Testament of GRACE NORTON HERNANDEZ, Deceased. WALTER HERNANDEZ, Appellant; GRACE HERNANDEZ VOORHIES and Others, Respondents.

(Supreme Court, Second Department, November 14, 1913.)

DECEDENT'S ESTATE—DEPOSITION—PROOF NOT ESTABLISHING UNDUE INFLU-
ENCE OR TESTAMENTARY INCAPACITY—ADULTERY OF HUSBAND OF
TESTATRIX—PERTINENCY OF PROPOSED INTERROGATORIES—APPEAL.

The fact that a wife believed her husband to have been an adulterer and yet made him the chief beneficiary under her will is no proof that he exerted undue influence or that she lacked testamentary capacity. Hence, in a proceeding to probate the will of the wife, interrogatories should not issue to establish the fact that the husband had improper relations with another woman, but persuaded his wife to believe that such was not the fact.

While on a commission to take the deposition of witnesses without the State either party is allowed to insert questions pertinent to the issue, when the pertinency of proposed questions is challenged the proposer must show their pertinency.

An appeal to the Appellate Division lies from an order of the Surrogate's Court disallowing proposed interrogatories.

APPEAL by the proponent, Walter Hernandez, from an

order of the Surrogate's Court of Kings county, entered in the office of said surrogate on the 15th day of July, 1913, as resettled by an order entered in said office on the 21st day of July, 1913, denying proponent's motion for an order disallowing certain proposed interrogatories.

Alfred G. Reeves [Francis Stockton MeDivitt with him on the brief], for the appellant.

Robert A. B. Dayton, for the respondent Grace Hernandez Voorhies.

Thomas H. Troy and Edward J. Fanning, special guardians of Juanita D. Hernandez and Walter Hernandez, Jr., respondents.

JENKS, P. J.—The will is attacked upon the grounds of non-execution, testamentary incapacity and undue influence. The interrogatories in the commission objected to relate to the actions of a named woman. Neither they nor the record suggest relations between her and the testator, or even that they knew one another. No interrogatory calls for an answer that bears directly upon the issues. At most, they indicate an occasional association between this woman and the proponent, who is the husband of the testator and practically her sole beneficiary. It is not suggested in the record that the answers to the interrogatories would supplement any proof that is relevant to the issues. The learned counsel for the respondent writes in his printed points: " The relations of the proponent and Mrs. ——, [naming the woman] may become an issue in the case. Supposing the testimony showed that Mrs. —— [naming the woman] was the mistress of the proponent, that this fact was brought to the attention of the decedent by facts and

circumstances which would have left no doubt in the mind of a person of ordinary intelligence and that the proponent by his extraordinary influence over his wife was able to persuade her that what she heard and saw was a delusion and that his connection with Mrs. —— [naming the woman] was perfectly proper, might not evidence to this effect be competent on the question both of testamentary capacity and of undue influence?" The proposition of the appellant is that if a wife believes from evidence that her husband has been an adulterer, and yet makes him the chief beneficiary under her will, this is proof of his undue influence or of her incapacity, and, therefore, testimony of witnesses to establish the adultery is competent. I do not agree. But even in this proposition it is the *belief* of the wife that is the starting point, not whether the belief was well or ill founded. Why, then, should the contestants be permited to lug into this litigation the issue that the proponent had been an adulterer? For if they could do so, surely the proponent could be heard in his defense.

The learned counsel for the respondent is frank to write in his printed points: " The contestant admits that the evidence to be given by these witnesses, standing alone, would not warrant the Court in rejecting the will, but this evidence will not stand alone and taken in connection with other evidence which the contestant will offer may be competent and material, and it is submitted that this is all that the contestant has to show on this appeal." But I repeat that I fail to find in the record any indication of what such other evidence may be, or even that it exists.

The privilege of the party was to insert any question that is pertinent. (Code Civ. Proc. § 892.) The mere insertion does not establish pertinency, and, therefore, I think that the proposer of the question when challenged by an objection of impertinency must show pertinency. Such is the opinion of

this court in the First Department. (Zeggio v. Robinson, 155 App. Div. 393.) I think that the order is appealable. (Zeggio v. Robinson, *supra;* Shafer v. McIntyre, 116 App. Div. 87.) In the latter case the court names cases which have disregarded the " suggestion " *contra* in Uline v. N. Y. C & H. R. R. R. Co. (79 N. Y. 175), which is cited to us by the respondents.

The order must be modified in accordance with this opinion, and as modified should be affirmed, without costs.

Burr, Thomas, Carr and Rich, JJ., concurred.

Order of the Surogate's Court of Kings county modified in accordance with opinion, and as so modified affirmed, without costs. Order to be settled before the presiding justice.