Matter of ELSIE H. GIAUQUE, Deceased.

(Surrogate's Court, New York County, January, 1914.)

WILLS—WHEN PROBATE DENIED—CONFINEMENT IN INSTITUTION FOR INSANE —EVIDENCE.

Where it appears that six years before testatrix made her last will she was confined for several months in an institution for the insane, and the whole evidence leaves the question of her sanity in doubt, probate will be denied.

PROCEEDING upon the probate of a will.

Albert Grossman, for proponent.

Einstein, Townsend & Guiterman, for contestants.

Murray, Prentice & Howland, for Baptist Church.

FOWLER, S.—The will in controversy, purporting to be made the 4th of January, 1909, is contested, and it is alleged that at the time the will was made the testatrix was incapax or lacked testamentary capacity. The will gives one-half her little estate to a Baptist church and the other half to a lady interested in the work of that church. The testatrix at the time of her death left her surviving an indigent old father and mother, with whom she was on very good terms certainly during the larger part of her life. The church makes no very active pretensions to its legacy, nor does the other legatee. Their conduct in the cause is very passive, most proper, and self-respecting. It appears that the testatrix was confined in an institution for the insane from the 5th of February, 1903, to April, 1903, then suffering from a type of emotional insanity characterized as religious mania. We have therefore evidence to rebut the presumption of sanity as a *datum* in the cause. When insanity is once established as a fact in a probate cause, the surrogate looks carefully at the proofs surrounding the will. In this matter the attesting witnesses were comparative strangers and their testimony is not of high weight on the issue of testamentary capacity. The testimony of the lay witnesses bearing on the capacity of testarix is conflicting, but the contestants' witnesses had the greater opportunity to form an opinion of value, for they were acquaintances of long standing. The lay witnesses for the proponent, while of higher degree of intelligence in several instances, knew little of testatrix, seeing her only in church at long intervals or in connection with church charities. The employer of testatrix, on the other hand, gave very positive testimony corroborative of the conditions observed in the institution for the

insane, which, by stipulation, I am permitted to notice.  For the reasons stated by me in. Matter of Martin, 82 Misc. Rep. 574, when insanity is once established the burden rests very heavily on the proponent to establish capacity to testamentate, and, when the whole evidence in the cause leaves the issue in doubt, the testamentary paper is not shown to be entitled to probate within the established principles of testamentary law. Probate is therefore refused.

Decreed accordingly.

---

### TESTAMENTARY CAPACITY, INSANITY AS AFFECTING.

Where testatrix, seventy years old, suffering from tumor on face, accompanied by symptoms of insanity and unfounded delusion, makes a will one month after a stroke of paralysis, accompanied by progressive aphasia, and symptoms of paresis, and long after she had made her will she said she had made none, it was denied probate.  Matter of Soden, 3 Mills Surr. 72.  See, also, Matter of Winnie, 5 Mills Surr. 348.

Where a person is incompetent, the mere signing of checks and other formal papers not dispositive, in character does not rebut the incompetency established.  Matter of Van Den Heuvel, 9 Mills Surr. 177.

Where testatrix had been taken to insane asylum at her own request, attempted to commit suicide, believed that she had an electric nerve running through her body, executed will five days before dying with creeping palsy; it was refused probate.  Matter of Rounds, 2 Gibbons Surr. 565.

A man of advanced age who talks to himself, claimed that someone came to his bed to rob him, and had to be told when to go to bed, held not to be incapacitated for making will.  Matter of Armstrong, 6 Mills Surr. 222.

One totally insane is incapable of making a will.  (Chandler v. Ferris, 1 Harr. (Del.) 454; Eggers v. Eggers, 57 Ind. 461.)

Belief in Christian Science consistent with testamentary capacity. Matter of Brush, 2 Mills Surr. 320.

The mere fact that testator believed in spiritualism does not make the will void. Matter of Rohe, 2 Gibbons Surr. 368.

A will which is the product of the delusional insanity must be set aside in toto irrespective of the question as to who does not contest it. Matter of Long, 4 Mills Surr. 313.

A will made under the influence of partial insanity by one otherwise sane is invalid. Merrill v. Rolston, 5 Redf. Surr. (N. Y.) 220; In re Black Mgr. Prob. (Cal.) 24; In re Tittel Prob. (Cal.) 12; Thomas C. Carter, 170 Pa. St. 272; Am. Bible Soc. v. Price, 115 Ill. 623.

Where testatrix was almost completely paralysed a will drawn by a lawyer who could not understand her and which she could not sign will be refused probate as against a will drawn six months before which expressed her long life desires. Matter of Mooney, 8 Mills Surr. 342.

The evidence of persons surrounding testatrix is of great importance where the will is attacked on the ground of the existence of senile dementia and will overcome the evidence of the attending physician. Matter of Wendell, 4 Mills Surr. 325.

Opinions of attesting witnesses to will and laymen should prevail over that of that of medical expert that Bright's disease would incapacitate a man from making his will. Matter of Connor, 1 Mills Surr. 301.

Valid if made during lucid intervals. In re Evans, 37 Misc. 337; Matter of White, 15 N. Y. St. Repr. 753; Gombault v. Pub. Adm., 4 Bradf. Surr. 226; Matter of Van Den Heuvel, 9 Mills Surr. 177; Rintelin v. Schaefer, 11 Mills Surr. 422.

Although testatrix had been confined in insane asylum at various times, and lead a dissipated life, her will was admitted to probate on showing that she was competent at the time of making will. Matter of Evans, 2 Mills Surr. 517.

A will made during a lucid interval, by one who suffering from the insanity of consumption, and which appears to have been the work of a rational person who understood his position, the members of the family

and the extent of his property will be sustained. Matter of Cornelius, 2 Gibbons Surr. 438.

Where a testator was declared a lunatic before making his will, although the findings were not confirmed until some months later, the presumption is that his insanity continued, and the burden upon proponent to prove that testator recovered his reason or that the will was executed during a lucid interval. Matter of Sapham, 2 Gibbons Surr. 179.

Testatrix confined in asylum from 1865 to 1878, makes will in 1902; will held valid. Matter of Brough, 4 Mills Surr. 15.

INSANE DELUSIONS.

This is a belief which has no basis in reason and which cannot be dispelled by argument. In re White, 121 N. Y. 406; Stanton v. Weatherwax, 16 Barb. 259; 12 N. Y. St. Repr. 148; Merrill v. Rolston, 5 Redf. Surr. 220; Matter of Shaw, 2 Redf. Surr. 107; Matter of Egno, 4 Mills Surr. 495.

A mistaken belief as to a matter of fact or illogical conclusion therefrom is not necessarily an insane delusion. Matter of Lang, 9 Misc. 521; Matter of Lapham, 2 Gibbons Surr. 179.

A belief or prejudice, however mistaken, which has some basis for it is not necessarily an insane delusion. Clapp. v. Fullerton, 34 N. Y. 190; Matter of White, 1 Sil. Sup. 191; Matter of Brush, 35 Misc. 689; In re Smith, 24 N. Y. Supp. 929; In re Fricks, 19 N. Y. Supp. 315; 135 N. Y. 659; Matter of Tracy, 11 N. Y. St. Rep. 103.

The fact that a wife believed her husband to have been an adulterer and yet made him the chief beneficiary is no proof she lacked testamentary capacity. Matter of Hernandez, 158 App. Div. 815, 11 Mills Surr. 438.

Held not to be an insane delusion where testator entertained a pronounced aversion to his brother's wife and believed that she dominated her husband and was attempting to get title to his property. Matter of Townsend, 8 Mills' Surr. 380.

That testator had suffered from paralysis and Bright's disease, was selfish, morose, ungrateful, changeable, and had become estranged from the next of kin without their fault not held to show insane delusion. Matter of McKeon, 1 Mills Surr. 562.

Mistaken unnatural prejudice may not be an insane delusion. Hall v.

Hall, 38 Ala. 131; Carpenter v. Bailey, 94 Cal. 406; Barnes v. Barnes, 66 Me. 286; Bean v. Bean, 144 Mich. 599.

There must be no basis for likes or dislikes. In re Kendrick, 130 Cal. 360.

A belief by testator that a "ring" existed which was organized to ruin his business is not such a delusion as to incapacitate him from making a will. Matter of Henry, 161.

A will was set aside where there was an insane delusion that a wife is unfaithful, although there was no ground for the charge. Matter of Jenkins, 3 Mills Surr. 393.

One may have a delusion which does not imply or show unsoundness of mind. Mynard v. Tyler, 168 Mass. 107.

An insane delusion must be shown to affect the provisions of the will. Thompson v. Thompson, 21 Barb. 107; Matter of Vedder, 6 Dem. Surr. 92; Whitney v. Twombley, 136 Mass. 145.

As to its effect whether or not it affect a provision made for the heir or next of kin. See McReynolds v. Smith, 172 Ind. 336; Buchanan v. Belsey, 65 N. Y. App. Div. 58; Matter of Iredale, 53 N. Y. App. Div. 45.

Partial insanity invalidates a will only when shown to affect its provisions. Blough v. Parry, 144 Ind. 463, 40 N. E. 560; Drinkhouses' Estate, 14 Phila. 291; Denson v. Beazley, 34 Tex. 191.

That the testator may have received some unjustifiable impression which had actuated him in making his will, does not warrant calling it a delusion. Dobie v. Armstrong, 160 N. Y. 584.

Delusion as to testator's physical condition. American Seaman's Friend Soc. v. Hopper, 33 N. Y. 619.

The delusion must exist at time of making will. Matter of White, 5 N. Y. Supp. 295; Matter of Lawrence, 1 Mills Surr. 105.

It may be shown that the delusion was as to testator's property. Stanton v. Weatherwax, 16 Barb. 259; Matter of Jones, 5 Misc. 199.

The delusion may be as to testator's power or importance. Jones v. Hughes, 15 Abb. N. C. (N. Y.) 141.