In the Matter of MARY R. JACKSON, Judgment Creditor, Respondent, against B. L. T. GARMENT CO., INC., Judgment Debtor. DAVID BISNOFF, Third Party, Appellant.— Appeal by a third party from an order, made in the course of the examination of such third party in proceedings supplementary to judgment, which directed him to answer certain questions as to the business conducted by him. Appeal dismissed, without costs, on the ground that the order is not appealable. (*Brown* v. *Cadmus Holding Corp.,* 238 App. Div. 867; *Bernstock* v. *Paramount Beauty Shoppe, Inc.,* 257 App. Div. 1004; *Le Blanc* v. *Duncan,* 260 App. Div. 953.) Insofar as the decisions in *Antun, Inc.,* v. *Viola, Appeal No.* 2 (235 App. Div. 816), *Cannon* v. *Otis Elevator Co.* (265 App. Div. 944), and *Kleinfield* v. *Katz* (265 App. Div. 948) are inconsistent herewith, they are overruled. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

In the Matter of the Accounting of NATIONAL CITY BANK OF NEW YORK, as Trustee under the Will of MARY L. O'FLYN, Deceased, Respondent. E. MONROE O'FLYN, Appellant.— Appeal from decree of the Surrogate's Court of Kings County confirming the report of a referee overruling objections to the account of the trustee, and settling its account and supplemental account as filed. Decree, insofar as appealed from, unanimously affirmed, with costs to respondent, payable out of the estate. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ. [See *post,* p. 870.]

In the Matter of JAMES H. RICKER, Respondent, against VILLAGE OF HEMPSTEAD et al., Appellants.— In a proceeding instituted pursuant to article 78 of the Civil Practice Act for reinstatement of respondent as chief of police of the Village of Hempstead, the Village, through the mayor and board of trustees, appeals from two orders, the first of which directs the reinstatement of respondent, and the second of which denies the motion of appellants for leave to serve and file an amended answer and other proof purportedly showing evidentiary facts entitling them to a trial. Orders unanimously affirmed, with one bill of ten dollars costs and disbursements. It is conceded that respondent is entitled to reinstatement as chief of police pursuant to section 188-*l* of the Village Law, if he was appointed to that position by the board of trustees, rather than promoted thereto pursuant to section 188-c of the Village Law. The presumption that the board of trustees acted in a legal manner and did not attempt by illegal procedure to do what they could do legally is conclusive, in the absence of proof to the contrary, in the light of their failure to require a competitive examination and their use of the term " appointed " in the resolution designating respondent as chief. The alleged facts contained in the proposed amended answer and the exhibits and affidavits annexed thereto are insufficient to create an issue. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [See *post,* p. 878.]

In the Matter of SOLLY STECKLER, Petitioner, against LEWIS J. VALENTINE, as Commissioner of the Police Department of the City of New York, Respondent.— Proceeding brought pursuant to article 78 of the Civil Practice Act to review a determination of the police commissioner of the city of New York in dismissing the petitioner from the police force of the city of New York. Determination unanimously confirmed, without costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.