## (May 16, 1958)

PAULINE BROWN et al., Appellants, v. BORIS GOLDEN, Respondent.

APPEAL from an order of the Supreme Court at Special Term, entered September 14, 1955, in Niagara County, which (1) denied in part a motion by plaintiffs for an order directing defendant to answer certain questions at an examination before trial and (2) granted a motion by defendant for an order directing plaintiffs to answer certain questions at an examination before trial.

Appeal dismissed without costs on the ground that the order does not constitute an appealable order. (See *Bernstock* v. *Paramount Beauty Shoppe,* 257 App. Div. 1004; *Matter of Jackson* v. *B. L. T. Garment Co.,* 267 App. Div. 831; *Oppenheimer* v. *Duophoto Corp.,* 271 App. Div. 1005; *Matter of Myer* v. *Myer,* 271 App. Div. 1004.)

HALPERN, J. (dissenting). The order from which the plaintiffs appeal consists of two parts, one granting the defendant's motion to compel the plaintiffs to answer certain questions, and the other denying the plaintiffs' motion to

compel the defendant to answer certain questions, upon examinations before trial of the parties.

I believe that the appeal should be entertained with respect to both parts of the order.

(1) The plaintiffs, upon the advice of their attorney, refused to answer questions upon the examination before trial seeking to elicit the names and addresses of doctors who had treated the plaintiff's wife on various occasions, prior to, and after, the treatment by the defendant physician, which is the basis of the present malpractice action. The plaintiffs' counsel maintained that the disclosure of the information sought would violate the plaintiffs' privilege under section 352 of the Civil Practice Act and would also violate the principle that a party need not disclose the names and addresses of witnesses. Nevertheless, the Special Term directed the plaintiffs to answer the questions. Regardless of whether the plaintiffs' contention is ultimately found to be a meritorious one, it must be recognized that there is at least an arguable basis for it (*Galligano* v. *Galligano*, 245 App. Div. 743; *Lanza* v. *New York State Joint Legis. Committee*, 3 N Y 2d 92, 98; *Hughes* v. *Kackas*, 3 A D 2d 402; 8 Wigmore on Evidence [3d ed.] § 2324). The majority of the court, without going into the merits, holds that the order is not appealable. There is no prior decision on this point in this department and I regret the precedent about to be established in this case.

The order appealed from, in my opinion, " affects a substantial right " of the plaintiffs and is therefore appealable under subdivision 4 of section 609 of the Civil Practice Act.

The plaintiffs had no way of protecting their position except by refusing to answer. If they had answered the questions and disclosed the information and it was later determined that their privilege had been violated, it would be too late to remedy the situation. The disclosure, once made, could not be recalled.

The overriding of a claim of privilege presents a very different question from that presented by the overruling of an objection to a question upon the ground that it was irrelevant or that it was outside the scope of the examination. In such a case, it is arguable that no harm is done by requiring the party to answer the question, subject to a final determination of the propriety of the question at the trial. But this is not true of an order overriding an assertion of privilege and directing an answer. Such an order clearly affects a substantial right and is appealable (*Triangle Pubs.* v. *Ferrare*, 4 A D 2d 591).

It has been suggested that the remedy of the party or witness whose claim of privilege is overruled is to refuse to answer the question despite the direction of the court and to await contempt proceedings and then to appeal from the order adjudging him in contempt. This suggestion, it seems to me, exalts form over substance. There would be nothing of substance in the record upon an appeal from an order adjudging the plaintiffs in contempt which is not before us in the present record. In accordance with the spirit of modern practice, we ought not to insist upon compliance with a needless formality as a condition of entertaining the appeal.

Furthermore, the plaintiffs ought not to be placed in the position of being required to defy the court and to run the risk of being punished for contempt in order to raise, in good faith, the question of a privilege of nondisclosure. " When a witness refuses to answer a question, and the judge believes that the refusal is not contumacious but made in an effort to protect a legal right, of which the witness believes he is being deprived, an order may properly be entered, that the question can be passed upon by the appellate courts instead of compelling an appeal from an order adjudging the witness in contempt." (*Harrison* v. *Miller*, 190 App. Div. 184, 185.)

(2) The part of the order denying the plaintiffs' motion to compel the defendant to answer certain questions stands upon a somewhat different footing. The questions in controversy relate to the doctor's view as to the methods which should have been used in the exercise of reasonable care in examining the plaintiff wife and in diagnosing her condition. The doctor, upon the advice of his counsel, refused to answer the questions and the Special Term denied the plaintiffs' motion to compel an answer. This part of the order is also held to be nonappealable by a majority of the court.

The defendant's counsel contended at Special Term that the doctor was being asked to give expert testimony and he argued that the defendant need not testify as an expert upon an examination before trial. The plaintiffs' counsel, on the other hand, contended that the rule with respect to expert testimony was wholly inapplicable here. According to his contention, the defendant was not being asked to testify in the abstract as an expert but was being asked to give his view as to what he should have done in the exercise of care, in the treatment of the plaintiff wife which he had undertaken. The plaintiffs' counsel argued that the defendant's answer would be very revealing, and might have a direct and important bearing upon the determination of whether the defendant had been guilty of negligence.

Without attempting at this time to decide whether the plaintiffs' contention is sound, we can all agree that it is at least an arguable view. We ought to entertain the appeal and pass upon it.

By denying the plaintiffs' motion to compel the defendant to answer, the Special Term order in effect limited the scope of the examination before trial. If the order had done this in express terms, it concededly would have been appealable. This court and other departments of the Appellate Division hear appeals from orders fixing the scope of examination before trial at practically every term. At this term, this court undertook, upon appeal from an order denying a motion for an examination before trial, to prescribe in minute detail the questions which could properly be asked by the plaintiff of the representative of the defendant insurance company and those which could not be asked and the court modified the order appealed from accordingly (*Dialand Elec. Sales Corp.* v. *Worcester Mut. Fire Ins. Co.*, 5 A D 2d 1047). Indeed, if an order limiting the scope of an examination before trial were held to be nonappealable, the purpose of the provisions of the practice in this regard might well be frustrated. The purpose of examination before trial is to enable the party to prepare for trial and, if the scope of the examination is erroneously limited, the opportunity to prepare adequately is gone forever.

The examination before trial of the defendant in this case took place under a simple notice, pursuant to rule 121-a of the Rules of Civil Practice, stating that the testimony of the defendant would be taken " upon all the relevant facts and circumstances in connection with the accident, and treatment of the plaintiff, including negligence, contributory negligence, liability and damages." If the plaintiffs had proceeded by the older form of notice and had listed the specific items upon which an examination was to be held and had included the item here in controversy, this court would undoubtedly have entertained an appeal from an order vacating that item. We ought to treat the order appealed from in this case as being substantially the same in purpose and effect as an order limiting the scope of the examination.

An order denying a motion to compel a witness to answer upon an examination before trial has been treated as an appealable order in both the First and Third Departments (*Frad* v. *Columbian Nat. Life Ins. Co.*, 264 App. Div. 836, affg. 178 Misc. 705; *Southbridge Finishing Co.* v. *Golding*, 2 A D 2d 882; *Pistana* v. *Pangburn*, 2 A D 2d 643).

It has been suggested by the Second Department that the remedy of the plaintiffs in the situation here presented is to move at Special Term to resettle the order for examination or to move to settle the scope of the examination *de novo* and then to appeal from the order entered upon that motion (*Le Blanc* v. *Duncan*, 260 App. Div. 953; *Kogel* v. *Trump*, 271 App. Div. 890). But, as has been pointed out, the order before us is, in substance, the same as such an order and there is no reason to require the plaintiffs to make another motion in order to obtain a review of the question sought to be presented.

Ample precedent for the entertaining of this appeal may also ,be found in the uniform line of cases holding that orders allowing or disallowing specific questions, upon the settlement of interrogatories, are appealable. (*Uline* v. *New York Central & Hudson Riv. R. R. Co.*, 79 N. Y. 175; *Shafer* v. *McIntyre*, 116 App. Div. 87; *Matter of Hernandez*, 158 App. Div. 815.)

The fear has been expressed that the appellate courts would be flooded with appeals, if appeals were allowed from orders of the character here involved. But experience has demonstrated that the review of orders dealing in terms with the scope of examination before trial, which are concededly appealable, has not unduly burdened the courts. In any event, the courts have no power under the Civil Practice Act to decline to hear appeals from any particular class of orders affecting substantial rights merely because of a fear that such appeals may become too numerous.

I therefore dissent from the dismissal of the appeal.

Appeal dismissed, without costs, on the ground that the order does not constitute an appealable order. All concur, except Halpern, J., who dissents in an opinion. Present — McCurn, P. J.; Kimball, Williams, Bastow and Halpern, JJ.